HARRY PURCELL v. HARRY BENNETT, PROSECUTOR.

Argued June 4, 1902—Decided November 10, 1902.

1. When the record of a judgment entered by default shows that the summons had endorsed upon it an acknowledgment of due and legal service for the defendant named therein, signed by one of the attorneys of this court as attorney, the court, in the absence of some showing to the contrary, will presume such acknowledgment to have been duly authorized. If the defendant desires to question the authority, he must do so by the presentation of affirmative evidence, and until he does, the acknowledgment will be held to be valid.
2. The adoption of this rule of practice in the District Courts of this state is approved.

On *certiorari.*

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutor, *Malcolm MacLear.*

The opinion of the court was delivered by

HENDRICKSON, J.   This writ brings up for review a judgment of the First District Court of the city of Newark. . It was in an action on contract, and the judgment was entered by default, the defendant not appearing.   The summons was not served upon the defendant in the manner pointed out in the statute, but contained this endorsement, made six days before the return day: "Due and legal service hereby acknowledged Feb. 13, 1901, for the within named defendant.   A. Van Gieson, Atty."   If it does not bind the defendant, then manifestly the court acted without jurisdiction, and the judgment should be set aside.

Such acknowledgments of service have been approved in the higher courts, both of law and equity, throughout our judicial history.   And I see no reason why the practice should not extend to our District Courts as at present organized.   It is a convenient practice, and can work no harm to a defendant, for if, as soon as he is made aware of the fact, he should make it appear to the court that such an act was without his authority, the judgment would be set aside.

That it is the clear policy of our courts to recognize such acts by the attorneys of the court as valid, and to presume them to be authorized until the contrary is shown by the party aggrieved, may be gathered from the decisions with regard to appearances entered by attorneys for defendants; for this is a function quite similar to that of acknowledging service.   The true rule in this respect was laid down by Vice Chancellor Van Fleet, in *Mutual Life Insurance Co.* v. *Pinner,* 16 *Stew. Eq.* 52, 57, where he says: "The entry of an appearance for a defendant carries with it a presumption that it was entered by authority.   If the contrary be alleged, affirmative proof must be produced, and until it is, the appearance will be held to be valid."   Several cases, both in law and equity, are cited in support of the rule laid down.   And the same rule should apply to acknowledgments of service for defendants.   The rule probably grows out of the relation of the attorneys to the court.   They are regarded as officers of the court.   In

*Hendrickson* v. *Hendrickson,* 3 *Gr.* 102, 105, Mr. Justice Ryerson, speaking upon this subject, said: "The confidence placed by courts of law in their attorneys is very great. When a man commences an action in this court, and an appearance thereto is proffered by one of our attorneys, we never question his authority to appear." If it be suggested that District Courts are of limited jurisdiction, and the statutory practice should be strictly adhered to, it must be said in reply that, if their jurisdiction is limited, it is not special, and that they are a regularly-constituted tribunal of justice, with broad powers, regulated by well-settled principles. *Hess* v. *Cole,* 3 *Zab.* 116, 121.

It should also be observed that, by the thirty-sixth section of the District Court act (*Pamph. L.* 1898, *p.* 565), no one except a licensed attorney is permitted to appear and prosecute or defend any action in that court, unless it be in his own case or in that of an infant. The implication follows that the attorney, when thus appearing, would have the same rights and powers as those which attach to him when practicing in other courts.

The regularity of the practice contended for in this case is also recognized in other jurisdictions. It is stated in 19 *Encycl. Pl. & Pr.* 702 that in some states it has been held that, in the absence of any showing to the contrary, an attorney-at-law acknowledging service on the back of a summons will be presumed to have had authority for so doing. This is followed with a citation of cases. The result is that, in this case, there being no showing to the contrary, we must presume that the acknowledgment of service of the summons was duly authorized. The proceedings and judgment appearing to be in all things regular and valid, the judgment below is affirmed, with costs.