SAMUEL HILLER, PLAINTIFF-APPELLANT, v. ISRAEL PFEFFER, DEFENDANT-APPELLEE.

Submitted December 3, 1909—Decided February 21, 1910.

In a District Court the parties to a cause and their attorneys may lawfully stipulate that the evidence taken in another cause be considered by the court as the evidence in their cause, and that such judgment be entered thereon as is entered in the other cause.

On appeal.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the appellant, *Clement de R. Leonard.*

The opinion of the court was delivered by

PARKER, J.    The gravamen of the appeal seems to be that the court had no jurisdiction of the cause because no witnesses were sworn. The circumstances were that there were two cases against the same defendant returnable at the same time, one by Jennie Hiller, the other, which was the case now at bar, by Samuel Hiller. In the present case both parties appeared at the trial, and were represented by attorneys, who agreed in open court that the evidence in the Jennie Hiller case should be taken, and (in effect) be used in the present case as though taken therein, and judgment should

follow the judgment in the Jennie Hiller case. This was done, and judgment rendered accordingly for defendant without objection. The point now attempted to be made is that no witnesses were sworn, and that consent of parties cannot confer jurisdiction not authorized by law. Conceding this, the court, so far as appears, had full jurisdiction of both parties and subject-matter. If plaintiff's attorney had admitted in open court that his client had no case, and agreed that judgment be entered for defendant, this would have been manifestly a justification to the court to enter judgment accordingly. If the parties had agreed that the witnesses should testify without oath, the court could have received their testimony and have awarded judgment thereon. The practice of stipulating the evidence in one cause into another is common, and is encouraged by the courts to save time and expense. The statutory *status* of district courts does not affect the propriety of this practice. If attorneys may waive service of summons, as they may, they can also stipulate as to evidence, especially when their clients are on hand and by failing to object, ratify their acts in so doing. See remarks of Justice Dixon in *Purcell* v. *Bennett,* 39 *Vroom* 519 (at *p.* 521).

The plaintiff said in effect to the court, "My case rests on the same facts as the Jennie Hiller case, and I cannot make out any better case than he may do; if he succeeds, I should have judgment; if he fails, I fail also."

The judgment should be affirmed.