PENNSYLVANIA TUNNEL AND TERMINAL COMPANY v. STATE BOARD OF ASSESSORS.

Argued May 17, 1913—Decided May 28, 1913.

Railroad property was omitted from assessment for taxes in 1906, 1907, 1908 and 1909. An attempt was made to assess it for the taxes of those years under authority of an act passed in 1911 (*Pamph. L., p.* 580), which applied to railroad property alone; both the Railroad Tax act and the General Tax act provide that failure to make complaint of the omission of property from taxation within a certain time shall be a waiver. *Held*, that the tax imposed by virtue of the act of 1911 was a new tax and obnoxious to the constitutional provision because imposed upon omitted railroad property alone, and not upon other omitted property.

On *certiorari*.

Before Justice SWAYZE.

For the prosecutor, *Albert C. Wall*.

For the state board of assessors, *William D. Edwards*.

The opinion of the court was delivered by

SWAYZE, J. As a speedy decision is desired in this case so that an appeal may be promptly taken, I shall merely indicate briefly the reasons which lead me to think that the state board of assessors erred.

I assume that the property assessed may fairly be called "omitted property" although the provision of the statute under which the assessment was made, giving the railroad company credit for payment made pursuant to assessments of the local assessors, indicates that the legislature supposed it was a case where the assessment was too low, rather than a case of omission. We have then a case where property was not assessed in the years 1906, 1907, 1908 and 1909, and an attempt to assess it under authority of an act passed in 1911. *Pamph. L., p.* 580. It could not have been assessed without that authority, since the Railroad Tax act provides that failure to make a complaint of the omission of property from taxation before the third Monday of November shall be deemed a waiver. *Comp. Stat., p.* 5270, *pl.* 456. This is similar to the provision of the General Tax act, which allows a year from the time taxes on real property become a lien. *Comp. Stat., p.* 5107, *pl.* 28. The proviso in the General Tax act comes from the act of March 24th, 1890 (*Gen. Stat., p.* 3429, *pl.* 674), and was probably inserted to assimilate as far as possible the provision as to other property with the provision as to railroad property, in order to comply with our state constitution. The period fixed in each case is practically a year, varying because of the difference in the method of taxation. The object of the legislature obviously was to set at rest each year the amount of assessment, so that all property of the same class might if

possible be assessed by the same men, and the municipalities and the state be assured with reasonable promptitude of the amount of the receipts from taxes. It was just to the landowner and taxpayer because it enabled him to know his obligations and to convey his land with some assurance that it was not subject to taxes to be imposed at some indefinite time in the future. Uncertainty as to his obligations would make it impossible for him to gauge his expenditures by his income; uncertainty as to the extent of possible liens on his land would affect its marketability. It is to be observed that the acts apply alike to property that is omitted and to property that is assessed at too low a rate. It would be quite intolerable if valuations upon which taxpayer and state and municipality had relied were subject to be changed years afterward. The legislature very wisely provided that the matter should be closed, substantially at the end of the year. This was in harmony with the general scheme by which the ordinary disbursements of each year are met by the annual revenues. Omitted property stands on the same basis in the statutes as property assessed at too low a rate. In effect the legislature exempted from taxation omitted property unless complaint was made with the promptness required by the statute. From the third Monday of November in each year, until the act of 1911, there was no authority to impose the taxes now in question. I am unable to see any vital distinction between this case and that of *Wagoner* v. *Evans,* 170 *U. S.* 588. In that case the act of 1895 enabled the special assessor to assess or reassess property that had escaped taxation; the claim of the county authorities was that this enabled him to assess for the years 1892, 1893 and 1894. The answer of the court was that prior to the act of 1895 there existed no power in the authorities of the county. It is true the difficulty there was that the Indian reservation had not been attached to the county. Here the difficulty is that the state by its legislative enactments has in effect canceled the liability to tax. The right to tax omitted property years afterward rests upon the theory that there remains an unsatisfied obligation to the public. *Florida Central, &c., Railroad Co.* v. *Reynolds,* 183 *U. S.* 471, 475. That

obligation the court said was not canceled or discharged by the failure of duty on the part of any tribunal or officer, legislative or administrative. I do not question this, but a failure of duty is very different from an express enactment intended to quiet titles and prevent confusion in public finances. The legislature which may exempt altogether, may surely cancel the taxpayer's obligation if an assessment is not made within the time set. When that time has elapsed, an attempt to impose a tax for a time past is not really imposing a tax that was inadvertently omitted; it is imposing a new tax for a new obligation and giving it a retroactive effect. It is said that it was the duty of the railroad company to make a return. So it is the duty of the individual taxpayer to make a return. The legislature, of course, had this duty in mind when it enacted the provisions as to waiver, but did not regard it as a valid reason against that enactment. In the present case, the railroad company acted in good faith and had their agent make application to the state board of assessors to know what to do, and was advised not to report the property. There was color of reason for this. The property owned in fee was taxed locally. The so-called main stem consisted only of a railroad in course of construction through a tunnel then building beneath the Bergen hill and the Hudson river. The land above the tunnel was taxed to the owner; what was omitted was the railroad company's easement. Its value at the time was quite problematical. The very fact that the present assessment is only at a percentage of the amount actually expended shows that the best that could be done was a mere guess. Whether the work done was valuable depended upon the final completion of the enterprise.

This case differs materially from that provided for by the act of 1908. *Pamph. L., p.* 15. There property had been assessed by local assessors pursuant to an act which the Court of Errors and Appeals held unconstitutional. No injustice was done by having a reassessment made by the state board of assessors; but even in that case the legislature was careful to limit the power of the state board to three months from the

date of approval of the act. So important is prompt action in matters of taxation.

Since the tax is a new tax imposed by the act of 1911, it is objectionable because it is imposed on railroad property alone. Other omitted property escapes. The right to classify railroad property by itself for purposes of taxation is not unlimited. The legislature cannot separate a part of such property from the general mass thereof, and require that such part be assessed and taxed by a different method and for a different purpose. *Central Railroad Co.* v. *State Board of Assessors,* 46 *Vroom* 771. The subject to be dealt with was omitted property, and all property of that class must under our constitutional provision be treated alike. Under the decision last cited, it was improper to make a subclass of omitted railroad property and tax it, while forbearing to tax other omitted property. The omission of railroad property from assessment does not differ from the omission of any other taxable property, so as to justify the legislature in going back five years to impose a new tax in one case and not in the other. In both cases the property owner is at fault for not making a return; in both he must be held to know, whether he knows in fact or not, that this property is assessable and that the tax ought to be paid; in both the public officers charged with the duty of assessing and collecting taxes are equally at fault; in both the legislature has by statute of repose canceled the obligation. The attempt in the act of 1911 to go back five years in the case of railroad property violates the provision of our state constitution.

These taxes must therefore be set aside.