PENNSYLVANIA TUNNEL AND TERMINAL RAILROAD COMPANY, PROSECUTOR-RESPONDENT, v. CHARLES E. HENDRICKSON, JR., ET AL., STATE BOARD OF ASSESSORS AND EDWARD I. EDWARDS, COMPTROLLER, DEFENDANTS-APPELLANTS.

Argued December 1, 1914—Decided March 1, 1915.

1. The supplement of April 27th, 1911 (*Pamph. L., p.* 580), to the act for taxation of railroad and canal property, providing for assessment and taxation of real estate omitted by reason of failure of the owners to make return thereof, is retroactive as well as prospective in its operation, and supersedes as to matters within its purview the provisions in section 12 of the original act with relation to waiver of complaints of omission not made before the third Monday of November in each year.

2. Said supplement does not violate the requirement in paragraph 12 of section 7 of article 4 of the state constitution, that property shall be assessed for taxes under general laws and by uniform rules.

3. Said supplement does not violate the provision of the fourteenth amendment of the national constitution, prohibiting the denial by any state to any person within its jurisdiction of the equal protection of the laws.

On appeal from the Supreme Court, whose opinion is reported in 87 Atl. Rep. 92.

For the State Board of Assessors, *John R. Hardin.*

For the taxing districts of Kearny, &c., and Hudson County Board of Taxation, *William D. Edwards.*

For the prosecutor-respondent, *Albert C. Wall* and *James B. Vredenburgh.*

The opinion of the court was delivered by

PARKER, J.    The questions in this case arise under the supplement of 1911 to the Railroad Tax act of 1888. *Pamph. L.* 1911, *p.* 580.    This statute provides, in substance, that when real estate subject to taxation as property used for railroad or canal purposes has been omitted from the usual assessment by the failure of the company using the same to make return of it for taxation, the state board of assessors, upon proper complaint of such omission, may proceed to cause the property to be assessed under the procedure of the original act for the omitted years, not exceeding five years prior to the complaint.    The owner is to receive credit for any payment made to local assessors of a tax imposed on the property locally for the years in question; the excess collected by the state board is made applicable, after payment of expenses of collection, to specified local sinking fund purposes.

Complaint being made to the state board of assessors that property of the respondent, constituting part of the Pennsyl-

vania railroad short line to the New York City uptown terminal, had been omitted from taxation for the years 1906 to 1909 inclusive, that board took up the matter and made an assessment under the statute in question for those years. On *certiorari,* the Supreme Court set aside the assessment for reasons stated in its opinion (87 *Atl. Rep.* 92) and the matter is brought here by appeal.

The property assessed was plainly within the purview of the act. The fact that it was taxed locally and that the local taxes were paid, does not affect this question; for the "omission" intended and expressed in the act is an omission from taxation under the Railroad Tax act of 1888. If anything were needed to make this more plain the provision in section 5 giving credit for taxes paid locally, supplies it. There is no doubt, moreover, that the omission was due to a failure of the company to return it to the state board. It is claimed that the company's tax agent mentioned the matter informally to the board and was told as informally that it need not be returned. But this did not occur until late in 1908, when the company was already in default for three of the four years in question; and more fundamentally, the duty of the company was made plain by section 17 of the Railroad Tax act (*Comp. Stat.* 5272, *pl.* 461), and it could not be excused from that duty by any such informal declaration as that relied on.

The valuations fixed by the board are attacked as not supported by the evidence; but we find evidence to justify them, and it is not our practice to weigh the evidence in an appeal of this character.

We are thus brought to the principal questions involved, which relate to the retrospective effect of the act of 1911, and its constitutional status if construed as retrospective.

That it was intended to apply to omitted assessments for past years cannot be questioned. Its express language is "whenever real estate," &c., *"has been or shall be* omitted from assessment." Thus both the future and the past are specifically provided for.

242    COURT OF ERRORS AND APPEALS.

Penna. T. & T. R. R. Co. v. Hendrickson.    87 N. J. L.

But it is claimed that by reason of the provision in section 12 of the act of 1888, requiring complaints of omission to be presented before the third Monday of November of the then current year, in default whereof they shall be deemed waived, this waiver took effect each year, and the property in question was not "real estate subject to taxation" at the time of passing the act of 1911. So far as this involves a construction of the act of 1911 we are clear that the legislature intended as to all cases within the act, a repeal of the waiver clause and an abrogation of waivers already accrued under it. In other words, that the taxpayer should not until the five years had elapsed have the advantage of his own wrong in failing to make a full return. If the legislature can constitutionally do this, it has not failed by insufficiency of language to indicate its meaning.

The real question is whether the act of 1911 is obnoxious to any of the constitutional objections urged against it.

First it is claimed, and the Supreme Court held, that it violates paragraph 12 of section VII. of article IV. of the state constitution, that property shall be assessed for taxes under general laws, and by uniform rules, according to its true value. The proposition is, that by the act of 1911 a separate class of property is erected for taxation, whose characteristics are that *first,* it is devoted to railroad use, and *second,* that it was omitted from taxation; and as we understand the argument, the proper class created by a uniform rule would be property omitted, generally, without reference to railroad or any other use. We are pointed to the fact that in the General Tax act and in the Railroad Tax act are provisions relating to omitted property that are, as claimed, substantially identical in effect; and especially in that the time limit during which omitted assessments may be retrieved, as the Supreme Court said, "in each case is practically a year, varying because of the difference in the method of taxation." We think that the argument is its own answer, for conceding, as it must be conceded, that classification by use is constitutional, and justifies different rates, different methods of assessment by different bodies, and differences in

procedure on review, we are unable to see why the same classification should not obtain in dealing with property omitted from taxation. The picking up of omitted property in either class is as much a part of the scheme as its assessment in the first place, and the existence in the two separate acts prior to 1911 of separate provisions for doing this by separate bodies with differences of method and of limitation, however slight, shows this to be so. The so-called McCarter act of 1908 (*p.* 15), is a plain illustration of this. We fail to observe the material difference in that act that is claimed. Owing to a change in the Railroad Tax law (*Pamph. L.* 1906, *p.* 571) the assessment had been made locally. The new statute was held unconstitutional (*Central R. R. Co.* v. *State Board,* 75 *N. J. L.* 771), and the time for assessment under the old act had gone by. But for the McCarter act the companies would have escaped taxation. They had not concealed anything and had obeyed the statute, but they were by that act taxed retroactively for two years, and made no objection. In the case at bar the company omitted the return that it was its duty to make. On the reasoning that is now urged, the McCarter act would have to be considered as erecting into a separate class for taxation all railroad property that had escaped a state tax because of the unconstitutional supplement of 1906. No such suggestion was ever made, although the taxes assessed under the McCarter act were attacked by three railroads both in the Supreme Court and in this court. *Long Dock Co. et al.* v. *State Board,* 78 *N. J. L.* 44; 79 *Id.* 604. We are clearly of opinion that there was no violation of the constitutional tax provision invoked. So far as related to the application of the money collected, it is evident that its destination is to a lawful municipal purpose and that it enures pro rata to the benefit of all taxpayers in the taxing district. The apparent injustice lies in the fact that this is extra money not called for by the municipal budgets in the first instance; to which a sufficient answer is that the burdens of taxation in the future are lightened to just that extent.

Finally, it is said that the act of 1911 is violative of the fourteenth amendment of the national constitution, in that it denies to the railroads as compared with individual taxpayers, the equal protection of the laws in reaching back five years in one case and only one year in the other.

This question we deem conclusively settled for this court adversely to the claim of the company, by the United States Supreme Court in the case of *Florida Central R. R. Co.* v. *Reynolds,* 183 *U. S.* 471.

It follows that the judgment of the Supreme Court should be reversed, and the taxes brought up affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, JJ. 14.