BENJAMIN GREENBAUM, PROSECUTOR, v. ZENO HIGGINS AND PATRICK L. LYNCH AND THE PASSAIC DISTRICT COURT, RESPONDENTS.

Submitted May 18, 1929—Decided November 14, 1929.

Before Justices Trenchard, Lloyd and Case.

For the prosecutor, *Peter Cohn.*

For the respondents, *Edward F. Merrey* and *Barton H. Walker.*

Per Curiam.

Greenbaum, the prosecutor of this writ, obtained a judgment in the Passaic District Court, in his suit against Zeno Higgins and Patrick L. Lynch, in the absence of the defendants.

Thereafter the judge of the District Court allowed the defendants a rule to show cause why such judgment should not be opened. After hearing, the judge opened the judgment.

The legal propriety of that order is now challenged.

We think it should not be disturbed.

It appears from an examination of the order and of the finding of facts made by the trial judge that the trial judge found from the evidence that when the case was originally put on the list for trial the plaintiff did not appear, and the case was marked "not moved;" that later the case was restored to the list at the request of the plaintiff and heard in the absence of the defendants and judgment entered for the plaintiff; that defendants were not notified of the day fixed for such trial as required by section 148 of the District Court act; that notice to Mr. Stalter was not notice to the defendants because his services in behalf of the defendants had been discontinued during the interval and that the attorney of the plaintiff had knowledge of such discontinuance at the time the case was moved for trial; that the defendants had a defense to such action on the merits of the case.

The evidence taken at the hearing on the rule, and upon which the order was based, is not laid before us in detail. In such situation we assume that the evidence justified the finding, and that being so we think the order was justified. But the plaintiff says the order opening the judgment was made more than thirty days after the judgment was entered, and he argues that under section 17 of the District Court act the order, made eighty-nine days after judgment, came too late. We think not. This order was not made under the statute, but under the inherent power of the court to vacate a judgment void for want of jurisdiction because the parties were not legally in court. See 34 *C. J.* 255, and *Lutler* v. *Neubauer,* 100 *N. J. L.* 17.

The order is affirmed, with costs.