BERNSTEIN & LOUBET, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAKE MINKIN, PROSECUTOR-APPELLANT.

Submitted October 20, 1936—Decided April 30, 1937.

For the appellant, *Walter V. Schwartz* (*Philip J. Schotland,* of counsel).

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

RAFFERTY, J.    Respondent, as plaintiff in the Passaic County Circuit Court, instituted an action in attachment against defendant, appellant here, for the recovery of the value of certain merchandise which respondent alleged had been sold to appellant.    Defendant below moved to set aside and vacate the writ of attachment as being improvidently entered upon insufficient affidavits.    Prior to argument on the motion to quash, the parties entered into a stipulation, which has been filed in the cause, in the preamble of which it is stated that "the defendant desires to appear generally

and defend the action if the aforementioned motion should be denied and the parties desire accordingly to avoid the procedure of advertisement and the appointment of an auditor;" whereupon plaintiff waived the necessity of advertising and of appointment of an auditor and defendant agreed "that if the motion to quash the writ of attachment should be denied the defendant will appear generally and ask for service of a complaint." It was also agreed in the last paragraph thereof, "that this stipulation shall not be regarded as a general appearance."

Upon argument, the motion to set aside and vacate the writ of attachment was denied. Thereupon and notwithstanding the plain language of the stipulation, defendant did not enter a general appearance but sued out a writ of *certiorari* in the Supreme Court to determine the validity of the attachment. The writ of *certiorari,* upon consideration of the matter by the Supreme Court, was dismissed for the reason that prosecutor, appellant here, should be required to respect his own agreement.

Appellant now comes to this court and asks that the Supreme Court be reversed in its judgment and the merits of the case considered and determined here, urging, among other things, that the stipulation before referred to was not a stipulation waiving the right of review or appeal and secondly, that if the stipulation has such effect it is not binding upon the defendant and not enforceable.

As to the first point, the argument that the stipulation expressly provides in the last paragraph thereof, "that this stipulation shall not be regarded as a general appearance," and that therefore the stipulation should not be treated, nor construed, nor used as a general appearance, is indeed frivolous. The stipulation itself is not a general appearance. It is a written statement made to the court by counsel, upon which the court and opposing counsel had the right to rely, that, upon the happening of the denial of motion defendant would appear generally and ask for service of a complaint. The issue having been resolved against defendant he now seeks to avoid the plain implication of his own words by this

specious argument. On this point it is also argued that counsel for defendant did not conceive this stipulation to be a waiver of the right of his client to pursue an appeal from the action of the trial court should the motion to quash the writ be denied. It is incomprehensible that any other result could follow from the stipulation. The failure of counsel for appellant to state any purpose, or present any reason for the inclusion of these simple words in the stipulation confirms the conclusion that the effect given thereto by the Supreme Court was exclusively the effect intended by the parties.

However, it is argued that the stipulation, though made by counsel, is not binding upon the defendant and not enforceable against him, citing, amongst other cases, *Howe* v. *Lawrence,* 22 *N. J. L.* 99; *Hygrade Cut Fabric Co.* v. *United States Stores Corp.,* 105 *Id.* 324.

The authorities cited by appellant are to the effect that a deliberate waiver by counsel of a client's substantial right without the consent of and bringing injustice to his client, may be set aside and vacated. But it is the clear policy of our courts to recognize acts by the attorneys of the court as valid and presumptively authorized and, unless the contrary appears, it will be presumed that a stipulation was duly authorized. If attorneys may waive service of summons and may stipulate as to evidence, they can also stipulate to waive the right of review or appeal. *Purcell* v. *Bennett,* 68 *N. J. L.* 519; *Hiller* v. *Pfeffer,* 79 *Id.* 362; *Harmina* v. *Shay,* 101 *N. J. Eq.* 273. It is not so much as suggested in appellant's brief that the stipulation was unauthorized or that defendant was ignorant of the making of the stipulation. Nor, except for the mere statement of the proposition, does counsel for appellant advise what substantial right of his client has been impaired or lost or what injustice will follow if the action of the Supreme Court is affirmed.

We conclude, therefore, that no substantial right of defendant below has been sacrificed or impaired which defendant did not, presumptively at least, authorize or to which he did not consent. This being so, counsel and client are, under the circumstances of this case, bound by the stipulation.

This conclusion makes unnecessary the consideration of other matters urged. *Harmina* v. *Shay, supra.*

The judgment appealed from is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.