DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE COUNTY OF MONMOUTH.

KENTER COMPANY, INC., A CORPORATION, PLAINTIFF, v.
FRITZ ERRATH, DEFENDANT.

Decided June 18, 1943.

For the plaintiff, *Abraham R. Klitzman.*

For the defendant, *John V. Crowell.*

EVANS, D. C. J.  This matter is before me on order to show cause why the defendant should not be ordered to pay the judgment entered in the cause out of income and upon order to show cause why the said judgment should not be vacated.

Suit was instituted by plaintiff June 5th, 1931, upon contract.  Because of the unusual circumstances and the period of time this case has taken I deem it proper to dwell more fully on the statement of proceedings.

The summons was returnable on June 5th, 1931, and by several adjournments carried over until July 10th, 1931, when the docket shows the case was postponed until July 31st, 1931, apparently at the request of an attorney for the

defendant because the case jacket contains a letter from an attorney other than the plaintiff's attorney requesting the adjournment until July 31st. The letter does not state the attorney represented the defendant nor was there on file at that time an appearance for defendant.

On August 14th, 1931, the case was marked "not moved." The docket indicates no other proceedings until February 18th, 1933, when a stipulation dated February 14th, 1933, was filed. This stipulation was signed by the plaintiff's attorney and the attorney now appearing for the defendant and below his signature is typewritten the following—Attorney for Defendant. The stipulation provided for the reinstatement of said cause on the calendar for trial as of the 24th day of February. The docket indicates two other adjournments and the entry of the non-appearance of defendant on March 31st, 1933, and the subsequent entry of default judgment on April 8th, 1933. On May 11th, 1933, execution was issued to one of the constables and returned unsatisfied on July 5th, 1933. No other proceedings appear until the filing of an affidavit of the attorney for the plaintiff and the order of the court providing for the issuance of alias execution on August 25th, 1942. The alias execution indicates levy made upon the defendant's right, title and interest in certain personal property on September 24th, 1942, but no disposition of the same. The next entry upon the docket is a substitution of attorney for the plaintiff on February 19th, 1943, followed on March 8th, 1943, by the filing of a petition for discovery and the signing of the order for the defendant to appear before a certain master in Chancery on March 16th, 1943. Apparently service of said order was not obtained as it is followed by the entry of an order to show cause on April 2d, 1943, ordering the defendant to show cause before the court on April 16th, 1943, why he should not pay the judgment out of income. Personal service of this order was obtained. The hearing was adjourned until April 30th, 1943, on which date defendant's attorney made application for a rule to show cause why said judgment should not be vacated. On the return date affidavits were submitted to this court on behalf of the defendant and argument heard on both rules.

Defendant's attorney has submitted his affidavit and that of his client to the effect that he had received a written request in 1933 from the plaintiff's attorney to sign a stipulation to relist the case. That since he had represented the defendant in other matters, he believed he would represent the defendant in this matter. The lawyer then wrote the defendant and was advised by defendant that he had not been served with process, did not owe the plaintiff the obligation and did not want the lawyer to represent him. The attorney for defendant then and prior to the relisting date advised the plaintiff's attorney of these facts and submitted a copy of the correspondence between him and plaintiff's attorney. Defendant's affidavit corroborates that of the lawyer. It also declares that he did not remember being served with process and that he has a good defense to the state of demand.

Since we are not now concerned with the validity of the initial process that part of defendant's affidavit can be dispensed with.

"It is the clear policy of our courts to recognize acts by the attorneys of the court as valid and presumptively authorized and, unless the contrary appears, it will be presumed that a stipulation was duly authorized." *Bernstein & Loubet* v. *Minkin,* 118 *N. J. L.* 203; 191 *Atl. Rep.* 733, 734.

"The courts of this state have placed great confidence in their attorneys" (*Hendrickson* v. *Hendrickson,* 3 *Gr.* 102, 105), and I believe because of that confidence and to expedite litigation have approved stipulations to a broad degree. The courts have approved the acknowledgment of initial process (*Purcell* v. *Bennett,* 68 *N. J. L.* 520; 53 *Atl. Rep.* 235), the stipulation of evidence in one cause into another (*Hillerys* v. *Pfeffer,* 79 *N. J. L.* 362; 75 *Atl. Rep.* 471), and even the waiver of the right to appeal (*Harmina* v. *Shay,* 101 *N. J. Eq.* 273; 173 *Atl. Rep.* 558).

The defendant in this instance appears upon rule to vacate the judgment and contends not only that the stipulation was without authority but that the plaintiff's attorney had knowledge of the same. A reading of the affidavits and the docket convinces me of that.

"If the contrary be alleged, affirmative proof must be produced, and until it is the appearance will be held valid; but on it being satisfactorily proved, promptly after the discovery of the fact, that it was entered without authority, the defendant will be relieved from it's consequences." *Mutual Life Insurance Co.* v. *Pinner*, 43 *N. J. Eq.* 52; 10 *Atl. Rep.* 184, 186. The Supreme Court in *Greenbaum* v. *Higgins*, 147 *Atl. Rep.* 722 (not reported in New Jersey) approved the opening of a default judgment when the services of the attorney for the defendant had been discontinued and the plaintiff's attorney had knowledge of said discontinuance.

The plaintiff raises the question of laches—judgment in this instance was entered in April of 1933. I see no indication from the docket of any circumstances which would have provided notice of the judgment to the defendant prior to this year nor has plaintiff submitted any proof of notice. A similar period of time had lapsed in the case of *Mutual Life Insurance Co.* v. *Pinner, supra,* and it was satisfactorily explained. The mere passage of time does not create laches without the precedent of knowledge on the part of the defendant or the existence of such circumstances that defendant should have known of it and not acted promptly to protect his rights. The plaintiff having had knowledge of the lack of authority of the defendant's attorney to execute the stipulation in question, had opportunity in 1933 to have followed the method of relisting as established by statute, *i. e.,* serving of adverse party personally within five days' written notice of the relisting and filing proof of service.

Order to vacate judgment granted and order to show cause why payments out of income should not be made upon judgment is dismissed.