DIVISION OF TAX APPEALS.

CITY OF UNION CITY, PETITIONER, v. CAPITOL-THEATRE
 AMUSEMENT COMPANY AND PETER DOELGER REALTY
 COMPANY, INC., RESPONDENTS.

Decided January 27, 1948.

For the petitioner, *Milton B. Conford.*

For the respondents, *Manuel Meth.*

LABRECQUE, COMMISSIONER. The respondents move to dismiss the appeal heretofore filed with us by the petitioner from the action of the Hudson County Board of Taxation, dismissing petitioner's appeal from the assessment on their property in Union City, New Jersey.

The evidence before us consists of a stipulation of facts, together with affidavits and exhibits.

Briefly summarized, it appears that in the year 1945 the assessor of Union City assessed the respondents' premises at

| | |
|---|---|
| Land | $157,000 |
| Improvements | 443,000 |
| Total | $600,000 |

Subsequently, the County Board revised and corrected the assessment to

| | |
|---|---|
| Land | $157,000 |
| Improvements | 293,000 |
| Total | $450,000 |

The assessment, as revised, was certified to the municipal collector of taxes, and thereafter, final tax bills for the year were sent out by him at the tax rate struck by the county board.

On August 9th, 1945, the taxpayer filed its appeal to the county board praying for a further reduction in its assessment. Under date of August 13th, the city likewise filed an appeal to the county board praying for an increase. This petition of appeal was actually filed with the county board on August 15th. The return of service indicates that the process server was unable to make service in the manner provided by law for the service of summons, and that he thereafter served a copy thereof, on August 14th, 1945, by mailing the same to the respondents' attorney, Manuel Meth, Esq., at his office, 5218 Bergenline Avenue, West New York, New Jersey. In the petition of appeal thus filed, the municipality charged that it was discriminated against by reason of the fact that the assessment of the subject property was below the true value thereof.

The municipality's appeal to the county board was dismissed, apparently on the sole ground that the petition of appeal was not served in the manner provided by rule 15 of the county board. This rule provides:

"A copy of each petition of appeal filed by a taxing district shall be served upon the respondent taxpayer in the manner provided by law for the service of summons. If service cannot be so effected, same may be made by mailing copy of petition to taxpayer at his last known address."

The respondent taxpayers urged before the county board, and now urge before us, that service upon Mr. Meth, their attorney, could not confer jurisdiction upon the county board. In support of this they show that they are both corporations, maintaining offices in this state with agents or officers in charge, upon whom process allegedly should have been served. It is claimed that there is an absence of evidence to indicate any attempt to serve such officers or agents.

The process server, who is charged with the duty of effecting service, was not called as a witness by either side, so that

his affidavit is the sole evidence before us as to the facts concerning service.

It is urged by the respondent taxpayers that compliance with the rule of the county board hereinabove referred to was a jurisdictional prerequisite and, in the absence thereof, the county board had no choice but to dismiss the municipality's appeal. For its part, the municipality contends that the rule in question was non-jurisdictional, that compliance therewith was directory only and that Mr. Meth had been and was authorized to accept service on behalf of the taxpayers. It was further claimed that the taxpayers were estopped from denying Mr. Meth's authority.

It seems clear that if compliance with the county board's rule 15 was a prerequisite to the conferring of jurisdiction, in the absence of substantial compliance therewith, the county board properly dismissed the appeal and we are required to do likewise.

We find, however, that there was sufficient service of the petition of appeal upon the taxpayers. The general rule is and has been that service of process upon an authorized agent or attorney is as valid and binding as statutory service upon the principal himself. *Purcell* v. *Bennett,* 68 *N. J. L.* 519; 53 *Atl. Rep.* 235. From the evidence before us, it appears that attorney Meth has continuously represented the taxpayers in their tax litigation with the municipality since the year 1938. In 1943 he filed a petition of appeal with the county board, in which he was designated as the attorney or person to be notified of hearing and judgment. In the same year he filed a petition with the State Board of Tax Appeals, designating himself as such attorney. The municipality likewise filed a petition of appeal to the state board during the same year, serving the taxpayer at the office of one of them in Union City. When this was done, Mr. Percy L. Limouze, the municipality's agent who had done so, was directed to serve further appeals on Mr. Meth. His affidavit on this score reads as follows:

"After the State Board appeals of 1943 tax assessments had been filed, Mr. Meth visited my office, as he frequently does, and informed me that I was thereafter to see to it that

at all times thereafter, including later years, any tax appeals by the City of Union City affecting the assessment of the property here in question should be served upon him for the taxpayer, and not upon any other person or persons."

In 1944, pursuant to the directions mentioned above, service of the municipality's appeal against the taxpayers was made upon Mr. Meth. His authority to accept service seems not to have been questioned.

In 1945 Mr. Meth was again designated by the taxpayers as their agent or attorney for the purpose of the present appeal. On July 6th, 1945, he was authorized in writing "to file a petition of appeal to the Hudson County Board of Taxation" and "then to the Division of Tax Appeals." He was further authorized "in the event that the City of Union City should file an appeal to the County Board" to "handle the matter in the same manner as the direct appeal; that is, we give you *full authority* to handle the matter in any way you believe advisable." (Italics ours.)

Thereafter and on September 4th, 1945, his agency was further confirmed by the taxpayers in a written document, the pertinent portion of which reads as follows:

"This is to acknowledge receipt of your advice dated Aug. 22, 1945, that you were served with a copy of a petition of appeal filed with the Hudson County Board of Taxation asking that the assessment of $450,000 on the above property as revised by the said County Board, be increased to $600,000 —the amount originally assessed by the municipality for 1945.

"On July 26, 1945, we authorized you to file for us a direct appeal asking that the assessment of $450,000 be reduced and also to defend any appeal by the City should such appeal be filed with the County Board.

"You are to proceed to handle our direct appeal as authorized and also to defend the direct appeal of the City before the County Board, and if necessary, before the Division of Tax Appeals in the Department of Taxation and Finance of the State of New Jersey (former State Board of Tax Appeals.)"

Although service of the petition of appeal was made by mail on August 17th, nothing was done by the respondent tax-

payers to disaffirm Mr. Meth's authority to accept service until October 11th, 1945. At that time, a motion was made to dismiss the appeal for the reason that it had not been served in accordance with the provisions of county board rule 15.

The inescapable conclusion to be reached from these various facts would seem to be that Mr. Meth was the duly authorized agent of the taxpayers with the full authority to act in their behalf. He had been held out by them as the person on whom service should be made. With full knowledge of the fact that service had been made upon Mr. Meth in the instant case, they elected to defend the appeal rather than question the mode of service. They are now estopped from doing so.

And even were this not so, the city's appeal could not thus be defeated. The statute itself, *R. S.* 54:3–21; *N. J. S. A.* 54:3–21, fails to provide any particular method of service upon the taxpayer. Thus, the county board could not, by the adoption of a rule, restrict or diminish its jurisdiction in the premises, or restrict the right of the municipality to have its appeal heard. Rules of court may not be adopted which diminish the jurisdiction conferred by statute. *Venner* v. *Great Northern Railway,* 209 *U. S.* 24; 28 *S. Ct.* 328; 52 *L. Ed.* 666; *Danoff* v. *Larsen,* 368 *Ill.* 519; 15 *N. E. Rep.* (*2d*) 290; *Helbush* v. *Helbush,* 209 *Cal.* 758; 290 *Pac. Rep.* 18; *American Brake Shoe and Foundry Co.* v. *Interborough Rapid Transit Co.,* 1 *Fed. Supp.* 820. In a somewhat similar case, involving the same statute, the State Board of Tax Appeals rejected the contention that any particular method of service was necessary, holding:

"We are clear, however, that the pertinent statute, *R. S.* 54:3–21; *N. J. S. A.* 54:3–21, requires no such service where a taxing district is not the party respondent. It is enough, we believe, that respondent had sufficient notice of the hearing before the county board to enable it to appear and be heard." *Wanaque* v. *North Jersey District, &c.,* 20 *N. J. Mis. R.* 232; 26 *Atl. Rep.* (*2d*) 569. A substantially similar rule was applied in cases involving appeals to the State Board under the provisions of *R. S.* 54:2–35; *N. J. S. A.* 54:2–35. *Newark* v. *Calco Chemical Co., N. J. Tax Reports* (1934-1939), 593; *Newark* v. *General Motors Acceptance Corp.,*

*N. J. Tax Reports* (1934-1939), 265. In the case *sub judice,* we find that the taxpayers had sufficient notice to enable them to appear and be heard. *Wanaque* v. *North Jersey District, &c., supra.*

It is next urged by the taxpayers that the municipality's petition of appeal failed to allege discrimination. The applicable statute, *R. S.* 54:3–21; *N. J. S. A.* 54:3–21, provides that a taxing district "which may feel discriminated against" may appeal to the county board. The respondents charge that although the city's petition of appeal alleges discrimination, such allegation is insufficient in the absence of a further allegation setting forth some actual discrepancy between the assessed valuation of the subject property, and some other specific property in the municipality. This argument loses sight of the presumption that the county board, in correcting and revising the municipal assessments, performed its full duty, so that all property in the municipality was assessed at its true value. The charge in the petition of appeal, that the respondents' property was assessed at less than true value, must be considered by us in the light of this presumption.

The facts in the instant case bear no similarity to those in the case of *In re Jersey City,* 23 *N. J. Mis. R.* 311; 44 *Atl. Rep.* (*2d*) 189. In that case, appeals were taken by the municipality from some 80 per cent. of the assessments in the taxing district. In the instant case, it appears that we are dealing with the only appeal taken by the municipality.

It is also urged by the respondents that the municipality waived its right to appeal because of the fact that it failed to appeal directly to us from the action of the county board in revising and correcting the assessments and striking the tax rate. There appears no statutory authorization for such an appeal directly to us. On the contrary, the municipality was required to exhaust its remedies before the county board before appealing to us. *Township of North Bergen* v. *Hackensack Water Co.* (decided November 25th, 1947), 26 *N. J. Mis. R.* 6; 55 *Atl. Rep.* (*2d*) 903.

Some point is made of the fact that although the petition of appeal was mailed to Mr. Meth on the 14th day of August,

1945, it was not actually received by him until the 17th. It is undisputed that this delay was occasioned by the fact that by Presidential Proclamation August 15th and 16th, 1945, were generally observed as legal holidays throughout the United States. Such being the case, service upon Mr. Meth on the next secular day was sufficient. *Ettrick* v. *State Board of Tax Appeals,* 12 *N. J. Mis. R.* 432; 172 *Atl. Rep.* 365. *Newark* v. *Calco Chemical Co., N. J. Tax Reports* (1934-1939), 593.

It is urged by the taxpayers that the action of the municipal collector in sending out tax bills, based upon the tax rate and upon the assessments as revised by the county board, constituted a waiver of the municipality's right to appeal. Clearly, this is not so. The tax collector was obliged to perform this duty. *R. S.* 54:4–64; *N. J. S. A.* 54:4–64. For non-performance of it, he would have been subject to discipline. Were this contention of the taxpayers to prevail, chaos in municipal taxation would be the inevitable result.

It is also urged that to permit the present appeal to stand would enable the municipality to raise more money by taxation than the amount set forth in its annual budget. The record is devoid of any evidence in support of this contention. Obviously, the amount actually raised by taxation in any given year may not coincide exactly with the amount set forth in the municipal budget, but may be affected by increases or decreases in the assessed valuations, as fixed by the county board or by us on appeal. Any surplus revenue resulting therefrom is carried over into the municipal budget for the following year. *R. S.* 40:2–13, *et seq.; N. J. S. A.* 40:2–13, *et seq.; Penn T. & T. R. R. Co.* v. *Hendrickson,* 87 *N. J. L.* 239 (at *p.* 243); 93 *Atl. Rep.* 589.

Lastly it is urged that by failing to appeal to us from the county board's action in dismissing the taxpayers' appeal, the matter has become *res adjudicata* and bars the present appeal. This is not so. It is well established that a judgment is not *res adjudicata* of another suit unless the issues in the first suit are the same as those raised in the second. *In re Walsh's Estate,* 80 *N. J. Eq.* 565; 74 *Atl. Rep.* 563; *Godomsky* v. *Freeman,* 120 *N. J. L.* 116; 198 *Atl. Rep.* 391,

obviously the issues in the two appeals were not the same. In the city's appeal, an increase in the assessment was sought, while the taxpayers' appeal sought a reduction. Here were two separate and distinct issues. And aside from this, the dismissal of the taxpayers' appeal for a reduction was not inconsistent with the city's contention that the assessment was too low. Nor could the city be said to have been aggrieved by such action.

For the reasons stated, the motion to dismiss the appeal is denied.