CITY OF PATERSON, PROSECUTOR, v. JAMES BAKER ET AL., CONSTITUTING THE STATE BOARD OF TAXES AND ASSESSMENT, AND CHARLES E. COOK, SECRETARY OF SAID BOARD, RESPONDENTS.

Submitted June 2, 1927—Decided December 9, 1927.

Taxes and Assessment—Assessment by Municipality—County Board Reduced Assessment—Appeal by Municipality to State Board—Assessment by County Board Affirmed by State Board—Held, That Contention of Municipality That Assessment was for Less Than True Value, and That There was No Evidence to Support the Judgment of the State Board is Sound—Assessment Set Aside and Case Remanded to State Board for Rehearing.

On *certiorari*, &c.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Benjamin J. Spitz* and *Randal B. Lewis.*

For the respondents, *Morris F. Levin.*

PER CURIAM.

The assessors of the city of Paterson, in the county of Passaic, assessed the property known as Nos. 207-211 Market street, in the city of Paterson, and owned by H. Salzberg, for the year 1926 at the valuation of $111,560 on the land. The land was a plot of ground sixty-two feet wide by one hundred and sixty-five feet deep.

The taxpayer appealed from such assessment to the Passaic county board of taxation, and that board reduced the assessment to $89,248.

The city of Paterson then appealed from the judgment of the Passaic county board of taxation to the state board of taxes and assessments. Testimony was taken and the state board affirmed the judgment of the Passaic county board of taxation, and dismissed the appeal. That judgment is now brought to this court for review.

The city contends that the assessment as reduced by the state board is less than the true value of the land, and that there is no evidence to support the judgment of the state board.

We think that contention is sound.

The true value as of October 1st, 1925, to be assessed against the land for the year 1926, as testified to by the following-named witnesses for the city of Paterson, was as follows: John Colfer, $1,500 per foot, or $93,000; John F. Lee, $2,000 a front foot, or $124,000. There was no other testimony, and, therefore, nothing before the state board of taxes and assessment to support its valuation of $89,248, which the state board fixed by its judgment without hearing the testimony of the taxpayer.

The appeal to the state board was a hearing de novo. There was no presumption which was evidential that the valuation fixed by the county board of taxation was the true value of the property. The testimony offered by the witnesses for the city was competent. It was uncontradicted and should have been considered. There was no evidence that the property had been examined by the members of the board. They did

not testify. The valuation was fixed by the state board without any evidence to support it, and this was erroneous.

While this court has the power to consider evidence and fix a valuation, we think it should not be done in this case, as this would foreclose the owners from presenting their testimony as to value. They should not be made to suffer by reason of the action of the state board. In the present proceeding there should be a rehearing of the case before the state board. The judgment of this court is that the assessment fixed by the order of the state board will be set aside and the case remanded to the state board for a rehearing.