DIVISION OF TAX APPEALS.

TOWNSHIP OF NORTH BERGEN, PETITIONER, v. HACKEN-SACK WATER COMPANY, RESPONDENT.

For the years 1944, 1945, 1946.

HACKENSACK WATER COMPANY, PETITIONER, v. TOWN-SHIP OF NORTH BERGEN, RESPONDENT.

For the year 1946.

Decided November 25, 1947.

For the Township of North Bergen, *Nicholas S. Schloeder.*

For the Hackensack Water Company, *Milton, McNulty & Augelli* (by *Joseph Keane*).

WAESCHE, COMMISSIONER. The assessments under review were levied for the years 1944, 1945, and 1946 on the personal property of the Hackensack Water Company located in the Township of North Bergen, consisting of cast iron water mains, service lines, hydrants, valves and meters. The appeals for the three years were tried together by agreement between the township and the water company.

The township assessor assessed the personal property of the water company for the year 1944 at $1,400,000. Upon review of the assessor's tax list and duplicate, the Hudson County Board of Taxation reduced the assessor's value of the water company's personal property located in the township to $940,000. The township appealed from this assessment to the County Tax Board, which appeal the County Board dismissed for lack of jurisdiction. This action of the County Board is reviewable by the Division of Tax Appeals, *Oradell* v. *State Board of Tax Appeals,* 125 *N. J. L.* 37; 13 *Atl. Rep.* (2d) 479, and the appeal to this body is a hearing *de novo. City of Paterson* v. *Baker et al.,* 6 *N. J. Mis. R.* 4; 139 *Atl. Rep.* 604.

The reason given for the County Board's dismissal of the 1944 appeal for lack of jurisdiction is that the township's petition of appeal alleged that it felt discriminated against because the assessment of $940,000 was below the true value of the property. Assuming, as we must, that all the taxable property in the Township of North Bergen was assessed at true value, then, if the property of the water company was assessed below its true value, there would be a discrimination against all the other property in the taxing district in favor of the water company. Hence, the allegation in the petition of appeal that the township was discriminated against because the property of the Hackensack Water Company was assessed below true value raised a valid question for appeal, and the County Board was, therefore, in error in dismissing the township's appeal.

The township did not appeal the 1945 assessment to the Hudson County Board of Taxation. Instead it appealed directly to the Division of Tax Appeals in the State Department of Taxation and Finance. The appeal was filed December 15th, 1945. The petition of appeal alleges that the assessor of the Township of North Bergen valued the personal property of the Hackensack Water Company at $1,400,000, and that the Hudson County Board of Taxation revised the assessment by reducing it to $940,000, which the township claims is less than the true value of the property.

A municipality has only such authority as is granted to it by the legislature, *New Jersey Good Humor, Inc.,* v. *Bradley Beach,* 124 *N. J. L.* 162; 11 *Atl. Rep.* (*2d*) 113, and it must follow the procedure laid down by the legislature in the exercise of any such authority, *State* v. *Perth Amboy,* 29 *N. J. L.* 259. The Division of Tax Appeals is a special statutory tribunal, and is, therefore, strictly limited within the bounds of the jurisdiction prescribed by the legislature, *Hoboken* v. *Kelly,* 21 *N. J. Mis. R.* 193; 32 *Atl. Rep.* (*2d*) 710. The right of appeal to this body is purely statutory, and it is essential to our jurisdiction to hear an appeal that the appellant comply with all applicable statutory requirements, *Hoboken* v. *Kelly, supra.*

The statute requires an assessor to file with the County

Board of Taxation his complete assessment list or duplicate on or before January 10th (*N. J. S. A.* 54:4–35; *Pamph. L.* 1943, *ch.* 120, § 4). The County Board of Taxation is required by law to examine, revise, and correct the assessor's tax list and duplicate. *R. S.* 54:4–46, 47; *N. J. S. A.* 54:4–46, 47. The County Board of Taxation is required to certify to the tax collector the "corrected, revised, and *completed*" duplicate on or before April 1st. *R. S.* 54:4–55; *N. J. S. A.* 54:4–55. The assessments levied on the property in the assessor's duplicate are not *complete* until the County Board of Taxation certifies the assessor's duplicate to the tax collector. *Middletown* v. *Ivins,* 102 *N. J. L.* 36; 130 *Atl. Rep.* 648.

The statute permits a taxing district "which may feel discriminated against by the assessed valuation of property" to appeal "to the county board of taxation by filing with it a petition of appeal" on or before August 15th (*N. J. S. A.* 54:3–21; *Pamph. L.* 1945, *ch.* 125). But, of course, a taxing district could not "feel discriminated against by the assessed valuation of property" until after the assessment was corrected, revised and *completed,* because until then, the amount of the assessment is not known. So, therefore, the statute requires the County Board of Taxation to certify to the tax collector the completed duplicate on or before April 1st, in order that an appellant will have ample time to prepare and file a petition of appeal with the County Board of Taxation before August 15th, when the time for filing appeals expires.

This is the only section of the law, *N. J. S. A.* 54:3–21, which gives to taxing districts the right to appeal from a local valuation assessment, and which prescribes the procedure such an appeal must follow. The statute provides that an appellant who is *dissatisfied* with the judgment of the County Board of Taxation *upon his appeal* may appeal from that judgment to the Division of Tax Appeals (*N. J. S. A.* 54:2–39). Hence, there is no appeal to the Division of Tax Appeals unless the appellant before the County Board of Taxation is dissatisfied with the judgment of that board, *ergo,* there must be a judgment of the County Board. The statute contemplates a settlement of most of the tax prob-

lems by the County Boards. The law does not expect that all questions relating to valuation assessments will be settled by the Division of Tax Appeals—only those which cannot be settled by the County Boards.

Counsel for the Township of North Bergen contends that section 54:2–35 of the Revised Statutes, *N. J. S. A.* 54:2–35, gives to a taxing district the right to appeal a local valuation assessment directly to the Division of Tax Appeals. Section 54:2–35 is a general provision covering appeals from County Boards of Taxation to this Division, while sections 54:3–21 and 54:2–39 specifically deal with the right of appeal of a taxing district in a minute and definite way and, moreover, they are later in point of time. "The rule is that where there is any conflict between a general and specific statute covering a subject in a more minute and definite way the latter will prevail over the former and will be considered an exception to the general statute." *Ackley* v. *Norcross,* 122 *N. J. L.* 569; 6 *Atl. Rep.* (*2d*) 721; *affirmed,* 124 *N. J. L.* 133; 11 *Atl. Rep.* (*2d*) 106. Consequently, we do not think that the 1945 appeal of the township has legislative sanction.

We have examined the testimony and the tax history submitted to us on the hearing of these appeals. As to the value of the property, the township put in evidence the expert opinions of two civil engineers who had had considerable experience in designing, constructing, installing, and maintaining pipe lines and other structures of a water system, and also in appraising the value of water company properties. They valued the property of the Hackensack Water Company located in the Township of North Bergen at $1,415,000 as of October 1st, 1943, and $1,440,000 as of October 1st, 1945.

The Hackensack Water Company offered the testimony of its vice-president, Mr. Emil J. Fricker, who had been with the company 39 years, and who was well qualified to express an opinion as to the value of its properties. Mr. Fricker valued the property under appeal as of October 1st, 1943, and also as of October 1st, 1945, at $920,000.

He based his valuation of $920,000 on an estimate of $978,836.45 as the cost of reproduction new on the assessing date less physical depreciation. According to Mr. Fricker,

the water mains are located about three and one-half to four feet below the surface of the street—the township maintains that the average depth is somewhat greater, about five feet. He estimated that it would cost $319,082.40 for the removal of rock for laying the water mains, and he added 15% or $47,862.36, to this cost for overhead. (The township maintained that it would cost $499,159.50 for rock excavation.) Mr. Fricker deducted for depreciation from the cost of rock removal $143,906.15, and from the overhead cost for rock removal he deducted $21,585.92, or a total deduction for depreciation for rock removal of $165,492.07.

We think Mr. Fricker erred in deducting for depreciation these amounts for rock excavation. The cost for the removal of rock over and above the cost for the removal of dirt is a non-depreciable item. The water company will never need to duplicate this expense. In other words, since there will be no work of reproduction as regards rock excavation, the cost thereof will never occur again in any reproduction new of the present pipe line.

After a consideration of all the evidence, we have reached the following conclusions:

1. The motion of counsel for the Hackensack Water Company to dismiss the 1944 appeal of the Township of North Bergen will be denied, and a judgment will be entered fixing the 1944 valuation assessment of the personal property of the Hackensack Water Company located in the Township of North Bergen at $1,225,000;

2. The motion of counsel for the Hackensack Water Company to dismiss the 1945 appeal of the Township of North Bergen will be granted;

3. The appeal of the Hackensack Water Company and the appeal of the Township of North Bergen from the 1946 assessment on the personal property of the Hackensack Water Company located in the Township of North Bergen will be dismissed and the action of the Hudson County Board of Taxation in fixing the assessed value of said property at $1,250,000 will be affirmed.