BASS RIVER TOWNSHIP, PLAINTIFF, v. HOGWALLOW, INC., STORMY HILL, INC. AND WILLIAM S. HAINES, DEFENDANTS.

Tax Court of New Jersey

November 24, 1980.

*Frank A. Buczynski, Jr.* for plaintiff (*Shackleton, Hazeltine, Zlotkin and Dasti,* attorneys).

*Robert F. Rogers* for defendants (*Rogers and Smith,* attorneys).

LARIO, J. T. C.

Bass River Township appeals from judgments of the Burlington County Board of Taxation deciding that the taxpayers are entitled to farmland assessments on 18 lots located in three separate tracts of land hereinafter referred to as Tracts A, B and C.

The taxpayers are cranberry farmers and have extensive operations in this area. They acquired the subject properties separately in 1970 and 1971 at which time the properties were assessed at a total of $655,000 which assessments continued until 1973. In 1973, the Burlington County Board of Taxation rendered a judgment declaring the properties qualified as farmland under the Farmland Assessment Act and reduced the assessments to a total of $18,500.

The farmland assessments were continued for the tax years 1974 and 1975. In 1975, the taxpayers filed a single application covering Tracts A, B and C, requesting a farmland assessment for the tax year 1976 which was denied by the assessor. Upon appeal to the county board the farmland assessments were granted. The original assessments and the county board judgments concerning the tracts under appeal are listed on Schedule A attached hereto.

Tracts A, B and C are not contiguous being separated by tracts of land owned by third persons. Tract A consists of 964.8 acres. Although Tracts B and C are not contiguous their acreage was grouped together in plaintiff's calculations and they total 784.1 acres.

Tract A is located totally within Bass River Township at its boundary line with Washington Township. It is contiguous to other large cranberry farms owned by defendants located in

neighboring Washington Township, being separated by the Oswego River, which at this area is the dividing line between the two townships.

A portion of Tract A is used for growing of cranberries and the balance thereof is claimed to be necessary to support growing of the cranberry crops. During the trial plaintiff conceded that under the holding of *Andover Tp. v. Kymer*, 140 *N.J.Super.* 399, 356 *A.2d* 418 (App.Div.1976), defendants are entitled to a farmland assessment for Tract A, leaving in issue the correctness of granting of farmland assessments to Tracts B and C.

Tracts A and B are separated by a 3,500 acre farm owned by an unrelated party. The distance between the cranberry bogs located in Tract A and the land of Tract B is approximately three miles. Tracts B and C are further separated by an 82.8 acre tract of land owned by the State of New Jersey and they are approximately 1,800 feet apart. No cranberries are actively cultivated on either Tract B or Tract C nor are these tracts in any way actively devoted to farmland or horticulture.

Plaintiff presented evidence by way of comparable sales which supported its assessor's original opinion of value. This testimony was not refuted by the defendant. The taxpayers' defenses are: (1) Plaintiff is barred by reason of *res judicata* from re–litigating the 1973 final judgment of the Burlington County Board of Taxation which held that the subject properties were entitled to a farmland assessment; and, (2) the non–contiguous tracts are functionally related to and necessary for the agricultural use of the main farmland (Tract A) by generating and purifying water required for the proper growth of cranberries thereon.

Defendants' claim that this court is bound by *res judicata* to follow the Burlington County Board of Taxation's judgment of 1973 is ill–founded. The Farmland Assessment Act of 1964 clearly provides that a taxpayer file yearly applications to qualify his land. Continuation of the benefits under the act depends upon yearly continuance of the land in agricultural or horticultural use and upon compliance with the other requisites

of the act. *N.J.S.A.* 54:4–23.6; *N.J.S.A.* 54:4–23.13; and, *N.J.S.A.* 54:4–23.15. It is to be noted that no written findings of fact or conclusions of law were submitted by the county board together with its 1973 judgment, nor was there any proof that the issues involved in this case were previously raised or decided by the county board in the previous hearing. In any event, even had said issues been decided, *res judicata* is not applicable. Findings of fact and conclusions of law arrived at by a county board of taxation are not binding upon the Tax Court of New Jersey. Local property tax appeals from judgments of the county boards of taxation are taken to the Tax Court of New Jersey. *N.J.S.A.* 54:2–39; *N.J.S.A.* 2A:3A–4.1. The Tax Courts hears and determines all issues of fact and of law *de novo.* *N.J.S.A.* 2A:3A–4(b). *Passaic v. Gera Mills,* 55 *N.J.Super.* 73, 84, 150 *A.2d* 67 (App.Div.1959); *Hackensack v. Rubenstein,* 37 *N.J.* 39, 52, 178 *A.2d* 625 (1962); *Rek Investment Co. v. Newark,* 80 *N.J.Super.* 552, 557, 194 *A.2d* 368 (App.Div.1963). A judgment concluding that land is entitled to the benefits of the Farmland Assessment Act for any prior year cannot bar a municipality from questioning its qualification in future years. The taxpayer must for each year meet the minimum requirements set forth in the act in order to qualify thereunder. *N.J.S.A.* 54:4–23.1.

Taxpayers further urge that the acreage of Tracts B and C are reasonably necessary for the support and maintenance of the cranberry bogs located in Tract A and their adjoining lands in Washington Township based upon the holding by our Appellate Division in *Andover Tp. v. Kymer, supra.* In support thereof, defendants presented testimony by several witnesses claiming that ten to 20 times of both volume and purity of upland water is required to support one unit of cranberry operation; therefore, Tracts B and C were necessary and supportive of the cranberries growing in Tract A.

Tracts B and C of themselves are not actively devoted to agricultural or horticultural use. In *Andover Tp. v. Kymer, supra,* our Appellate Division construed the Farmland Assessment Act, *N.J.S.A.* 54:4–23.3 and Administrative Regulation

*N.J.A.C.* 18:15–6.2(a)(6)[1] as according presumptive qualification to woodland and wetland that is both legally and functionally part of a qualifying farm, which constitutes the marginal land area of that farm and which has no independent productive use. The Appellate Division there held:

> Woodland, wet areas and other acreage having a marginal value for agricultural or horticultural use may also be given such tax advantage, as long as it is part of, appurtenant to, or reasonably required for the purpose of maintaining, the land actually devoted to farm use, particularly where it has been part of the farm for a number of years. See *N.J.S.A.* 54:4–23.11; *N.J.A.C.* 18:15–6.2. In the present case no portion of the land was used for a purpose other than farming. The woodland and the swampy areas and the rocky terrain have been part of the farm and considered as such for many years. We cannot say that this marginal land was not part of or appurtenant to the farm, or was not reasonably necessary to maintain the farm for agricultural use. *Id.* at 403–404, 356 *A.*2d 418.

In further pursuance of the powers delegated to him by *N.J.S.A.* 54:4–23.21[2], the Director of the Division of Taxation promulgated *N.J.A.C.* 18:15–3.2(e) which provides:

> Where separate, non–contiguous parcels of land in agricultural or horticultural use, in a single ownership, are located in the same taxing district, a separate application for farmland assessment must be made with respect to each parcel. The area of the separate parcels may not be aggregated for the purpose of meeting the five acre eligibility requirement.

Although this rule deals with a procedural requirement, nevertheless, it sets a standard for additionally owned non–contiguous land. If the interpretation of the act by the director is correct that a separate application is required for each separate, non–contiguous parcel of land, and the land may not be aggregated to meet the minimum five–acre requirement, it logically follows that the separate land should also comply with all of the other requirements of the act in order to qualify.

---

[1]*N.J.A.C.* 18:15–6.2(a)(6) specifically includes as an agricultural use land which is "devoted to woodland pertinent to land in agricultural or horticultural use and reasonably required for the purpose of maintaining the land in such use."

[2]*N.J.S.A.* 54:4–23.21 provides: "The director is empowered to promulgate such rules and regulations and to prescribe such forms as he shall deem necessary to effectuate the purposes of this act." L1964, c.48 § 21.

■ Theoretically, all of the land and watersheds within many, many square miles of this pinelands area (constituting the major portion of the eastern part of Burlington County), has an effect upon cranberry growing and other agricultural and horticultural tracts; however, where said land and watersheds are not contiguous to and a legal part of the applicant's farm, they are not "marginal lands" and they are not entitled to be included within the farmland assessment as reasonably necessary for the support and maintenance of the farm within the meaning of *Andover Twp. v. Kymer, supra.*

In *Weisenfeld v. South Brunswick Tp.*, 166 *N.J.Super.* 90, 398 *A.2d* 1342 (App.Div.1979), Judge Pressler held at page 6:

Thus, it is our view that where the woodland in question is not "part" of the farm within the rationale of *Tp. of Andover, supra*, it can, if *contiguous*, to the farm, qualify for the farmland assessment only if proved to be both *appurtenant thereto* and reasonably required for its maintenance. [Emphasis supplied]

■ Since the subject property is neither contiguous to Tract A nor appurtenant thereto, I conclude that Tracts B and C are not reasonably required for the purpose of maintaining Tract A in agricultural use within the meaning of the Farmland Assessment Act, therefore, defendants' second defense must also fail.

The county board judgment as to Tract A is affirmed and the judgments as to Tracts B and C are reversed and their original assessments are hereby restored.

Judgment will be entered accordingly.

## SCHEDULE A

| Docket Number | Block | Lot | 1976 original assessment | County board judgment |
|---|---|---|---|---|
| | | TRACT A | | |
| L 8066–76 | 104 | 1 | $ 15,600 | $ 360 |
| L 8067–76 | 107 | 6, 7 | 77,800 | 2,130 |
| L 8068–76 | 109 | 6, 7 | 175,900 | 7,140 |
| L 8076–76 | 109 | 8, 9 | 20,100 | 1,040 |
| | | | $ 289,400 | $10,670 |

### TRACT B

| L 8069–76 | 116 | 18–A | 43,300 | 1,150 |
|---|---|---|---|---|
| L 8070–76 | 117 | 2–A | 41,200 | 610 |
| L 8071–76 | 118 | 2, 3 (5 *) | 118,500 * | 2,830 * |
| L 8075–76 | 119 | 10 | 600 | 10 |
| L 8072–76 | 121 | 2, 3 (6 **) | 114,700 ** | 3,090 ** |
| | | | $ 318,300 | $ 7,690 |

### TRACT C

| (L 8071–76) | 118 | 5 * | $ * | $ * |
|---|---|---|---|---|
| L 8074–76 | 119 | 16 | 700 | 140 |
| (L 8072–76) | 121 | 6 ** | ** | ** |
| L 8073–76 | 122 | 16 | 4,200 | 110 |
| | | | $ 4,900 | 250 |

---

* Although Lot 5 of Block 118 is located in Tract C, it was included in the assessment with Lots 2 and 3 as a single assessment for all three lots totaling $118,500 and is included in Docket # L 8071–76.

** Although Lot 6 of Block 121 is located in Tract C, it was included in the assessment with Lots 2 and 3 as a single assessment for all three lots totaling $114,700 and is included in Docket # L 8072–76.