CITY OF HACKENSACK, A MUNICIPAL CORPORATION, APPELLANT, v. RUTH RUBINSTEIN, *ET AL.*, RESPONDENTS.

Argued December 5, 1961—Decided March 5, 1962.

40

*Mr. Theodore W. Trautwein* argued the cause for appellant.

*Mr. Bruce F. Banta* argued the cause for all respondents.

*Mr. David A. Gelber,* attorney for respondents, P. & J. Realty Co., Block, Bianco and Tempio, Markay Realty Co., Inc., Slaff, Med. Realty Corp., and United States Realty Co., Inc., Lax, and J. & G. Realty Co.

*Messrs. Knowlton & Lennan,* attorneys for respondents, Moore and Bollerman Realty Co.

*Messrs. Winne & Banta,* attorneys for respondents, Hackensack Gardens, Inc.

The opinion of the court was delivered by

SCHETTINO, J. In 1960 appellant, City of Hackensack, completed an extensive reassessment of all realty located within the city. Thereafter, more than 300 taxpayers, including the respondents, appealed to the Bergen County Board of Taxation seeking a reduction of their assessments. From determinations reducing the assessments, Hackensack appealed to the Division of Tax Appeals, Department of the Treasury (hereinafter the "Division") and there the

appeals contesting reductions of respondents' assessments were dismissed for failure to serve copies thereof in time. Hackensack then appealed to the Appellate Division which ordered consolidation on the ground that common questions of law applied to all. Before argument there, we certified the matter on our own motion. *R. R.* 1:10–1(a). Since the taking of the appeal, many of the cases have been settled leaving only those represented by the above-named respondents' attorneys.

At the time the appeals were before the Bergen County Board of Taxation, Hackensack's then assessor refused to appear or otherwise cooperate in defending the assessments there under review. Accordingly, he was relieved of his duties and the assistant assessor was temporarily appointed to fill the position. On the basis of these events the city requested additional time to prepare its defense, but the request was denied and judgments were entered. Copies of the judgments reducing the assessments upon respondents' properties were received by Hackensack by November 15, 1960 or shortly thereafter. On December 15, 1960 Hackensack filed petitions of appeal with the Division after mailing copies thereof to the taxpayers involved. Envelopes containing the copies were properly addressed and were received by respondent taxpayers.

The petitions of appeal contained affidavits by a new assessor, stating that personal service of a copy of the petition had been made upon each taxpayer on December 15. However, Hackensack admitted at the hearing that all of the copies directed to taxpayers were actually served by mailing rather than by means of personal service. It thereupon moved for leave to amend the affidavit to conform to the facts.

Hackensack explained that the incorrect statements in the affidavits constituted error by a layman, the new assessor, that the error was at least partially attributable to the confusion surrounding the days immediately preceding December 15 and that a number of circumstances contributed

to that confusion. Hackensack stated that when its present assessor took office on October 25, he was faced with the responsibility of familiarizing himself with and making decisions concerning the over 300 appeals then pending. Furthermore, preparations for the appeals comprising the instant matters were impeded by a snowstorm of unusual proportions which occurred on or about the 11th and 12th of December. In order to cope with the resulting congestion, Hackensack ordered the employees in the assessor's department to help clear snow, both on the 12th and 13th of December. Hackensack brings our attention to an added distraction—the assessor's wife gave birth to a child on December 13.

Additionally, Hackensack points out that there was no contention that respondents did not in fact receive notice. On the contrary, it continues, the majority of the respondents received notice of the petition within one to three days of the mailing and although in a few cases notice was received as late as December 21, 1960, no taxpayer argues that he has been prejudiced by that fact.

Pursuant to leave granted by the Division, the assessor subsequently filed an amended affidavit in which he recited, *inter alia,* that on December 15 copies of the petition were deposited in the Post Office, properly stamped and addressed, before the petition was filed with the Division. Nevertheless, the Division granted dismissals to the taxpayers. Its reasoning is based upon an interpretation of *N. J. S. A.* 54:2–40 and its own rules which expressly require that service of notice be made upon the taxpayer and that proof of such service accompany the petition of appeal. In order to give effect to both mandates, the Division held that service would have to be made prior to filing the appeal. After pointing to the fact that notice of the petition of appeal was not actually received by any of the respondents until after December 15, the last day for filing, the conclusion was drawn that all requisites to the appeal were not present.

Hackensack contends that there is no requirement that notice be given to taxpayers prior to the filing of a petition of appeal with the Division, that while *N. J. S. A.* 54:2–39 governs the disposition of this appeal, the only statutory mandate relating to service, *N. J. S. A.* 54:2–40, makes no mention of service on taxpayers, and hence, the Division has no authority to supply such a requirement. According to Hackensack, the Division's *Rule* 16:8–6.170(b) requiring service upon taxpayers is merely directory. Therefore, assuming the receipt of actual notice affording reasonable opportunity to defend satisfied due process requirements, it would have us hold that substantial compliance with the rule is sufficient. Moreover, it contends, even if *Rule* 16:8–6.170(b) be regarded as making service upon the taxpayer mandatory, as no time for such service is specified in the rule, it cannot be said that service must be completed before filing of the petition of appeal with the Division.

The taxpayers counter that *N. J. S. A.* 54:2–35 gives the Division power to establish rules governing appeals before it, that *Rules* 16:8–6.170 and 16:8–16.100 were adopted under that statutory authority, and that an affidavit of service must be appended to the petition of appeal as required by the rules of the Division. They conclude that the dismissals were proper because service was not made prior to filing. Moreover, they continue, as the affidavit of service was false, it is a nullity; for, absent a proper affidavit, the petition could not meet the requirements for initiating a valid appeal.

Hackensack's appeal to the Division from the determinations of the County Board must be based upon statutory grounds. *City of Newark v. Fischer,* 3 *N. J.* 488, 493 (1950); *Hackensack Water Co. v. Division of Tax Appeals,* 2 *N. J.* 157, 164 (1949). Furthermore, all applicable statutory requirements must be complied with if an appeal is to be sustained. *City of Newark v. Fischer, supra,* 3 *N. J.,* at *p.* 493.

■ The statutory section urged as controlling by respondents, *N. J. S. A.* 54:2–35, provides as follows:

"Any action or determination of a county board of taxation may be appealed for review to the Division of Tax Appeals in the State Department of Taxation and Finance, under such rules and regulations as it may from time to time prescribe, and it may review such action and proceedings and give such judgment therein as it may think proper. Nothing herein contained shall apply to any appeal to the Division of Tax Appeals in the State Department of Taxation and Finance provided for by sections 54:2–37 and 54:2–39 of the Revised Statutes."

On the other hand *N. J. S. A.* 54:2–39, urged by Hackensack, states:

"Any appellant who is dissatisfied with the judgment of the county board of taxation upon his appeal may appeal from that judgment to the Division of Tax Appeals in the Department of the Treasury by filing a petition of appeal to the division, in manner and form to be by said division prescribed, on or before December 15 following the date fixed for final decisions by the county boards, and the division shall proceed summarily to hear and determine all such appeals and render its judgment thereon as soon as may be. * * *."

Although the distinction between the two provisions is for present purposes nominal, the latter section applies on its face to appeals by a party, whether a taxpayer or a taxing district, who was originally the appellant before the County Board. See *City of Newark v. American Cable Co., et al.*, [1934-1939] *N. J. Tax Reports* 21, 23 (*Bd. of Tax App.* 1935). Inasmuch as Hackensack was the respondent there, its present appeal must fall within the ambit of *N. J. S. A.* 54:2–35. *Newark v. American Realty and Investment Co.*, 26 *N. J. Misc.* 238, 58 *A.* 2d 856 (*Div. Tax App.* 1948).

■ Having arrived at the conclusion that *N. J. S. A.* 54:2–35 provided the authority for Hackensack's appeal to the Division, we necessarily must refer to the rules and regulations of the Division of Tax Appeals in order to determine the proper procedure for the appeal. If valid, they have the force and effect of law. *State v. Atlantic City Electric Co.*, 23 *N. J.* 259, 270 (1957).

The Division promulgated its Revised Rules on August 1, 1959, specifically providing with regard to service of notice of petitions of appeal as follows:

"* * * On appeal by a taxing district, a copy of the petition shall also be served upon the respondent, if an individual, personally, or mailed to his last known address, or to his agent or attorney of record; in the case of a domestic corporation, upon the president or other head officer or agent in charge of its principal office in this State, or left at his dwelling house or usual place of abode, and if the president or other head officer or agent cannot be found, then upon the clerk, secretary, one of the corporation's directors or trustees, or its agent or attorney of record; and in the case of a foreign corporation, upon the statutory agent located in this State, or its attorney, or by mailing the same to the corporation at any known place of business thereof outside the State." *Rule* 16:8–6.170(b).

And *Rule* 16:8–16.100 provides:

"Proof of service shall in all cases not otherwise specified in these rules, be evidenced by an affidavit endorsed upon or attached to the original pleading, or service thereon acknowledged."

■ Although *N. J. S. A.* 54:2–35 might be relied upon as a source of rule-making power, express authority to formulate rules regulating the manner, form, time, terms and conditions of appeals coming before the Division is delegated by *N. J. S. A.* 54:2–14. On their face the provisions set forth deal directly with considerations of form, time, terms and conditions of appeals. They are, therefore, quite clearly within delegated statutory authority. The fact that the Legislature provided in *N. J. S. A.* 54:2–40 for service upon the State and county but did not see fit to expressly provide for service upon taxpayers does not by implication limit the Division's rule-making power in this area; for the other statutory sections just mentioned are sufficiently broad to support the rule. See *In re Weston,* 36 *N. J.* 258, 263 (1961). Nevertheless, the interpretation adopted by the Division (*i. e.,* that service of notice upon

taxpayers must be completed before a petition of appeal is filed) did not require dismissal of Hackensack's appeals.

█ Subsequent steps in the Division's reasoning process required a finding that service by mail is not complete upon mailing. Upon what authority the Division based this finding is not made entirely clear by its opinion. Presumably the Division was either of the opinion that service by mail is not in law deemed complete until it is received by the proper addressee or that its own rules so dictate. We are not bound by either determination. *Atlantic City Transportation Co. v. Director, Div. of Taxation,* 12 *N. J.* 130, 141 (1953); *Jantausch v. Borough of Verona,* 41 *N. J. Super.* 89, 96 (*Law Div.* 1956), affirmed on other grounds 24 *N. J.* 326 (1957); *Forkosch, Administrative Law,* § 339, *p.* 737 (1956); *Gellhorn and Byse, Administrative Law, Cases and Comments* 496 (*4th ed.* 1960).

The validity of the Division's judgment turns in part upon when service of notice by mail shall be deemed complete. When interpreting rules or statutes authorizing service of notice by mail, courts have generally held service complete upon mailing if the envelope is properly addressed and contains sufficient postage. This is true whether the question involved service by registered mail, *Ross v. Hawkeye Ins. Co.,* 93 *Iowa* 222, 61 *N. W.* 853, 34 *A. L. R.* 466 (*Sup. Ct.* 1895); *Ross v. Hawkeye Ins. Co.,* 83 *Iowa* 586, 50 *N. W.* 47 (*Sup. Ct.* 1891); *MacLean v. Reynolds,* 175 *Minn.* 112, 220 *N. W.* 435 (*Sup. Ct.* 1928); *Ford v. Genereux,* 104 *Colo.* 17, 87 *P.* 2d 749 (*Sup. Ct.* 1939), or regular mail. *Liddy v. Long Island City,* 102 *N. Y.* 726, 7 *N. E.* 904 (*Sup. Ct.* 1886); *Jackson & Perkins Co. v. Rose Fair, Inc.,* 278 *App. Div.* 890, 104 *N. Y. S.* 2d 892 (*App. Div.* 1951); *Carlson v. Stuart,* 22 *S. D.* 560, 119 *N. W.* 41 (*Sup. Ct.* 1908); Note, 18 *Ann. Cas.* 286 (1911). See *Saffold v. Fellows,* 219 *App. Div.* 865, 221 *N. Y. S.* 197 (*App. Div.* 1927); *Jack London Products, Inc. v. Edkiss,* 17 *Misc.* 2d 453, 187 *N. Y. S.* 2d 671 (*Sup. Ct.* 1959). *Cf. Mrs. W. R. Klappert Moving & Storage Ware-*

*house v. Muehlenkamp,* 256 *Ky.* 506, 76 *S. W. 2d* 597 (*Ct. App.* 1934); *Martin v. Hulto,* 82 *S. C.* 432, 64 *S. E.* 421 (*Sup. Ct.* 1909).

Little has been said in this State upon this subject. The Legislature has not declared when service by mail shall be deemed complete. Hackensack directs us to one case which it deems controlling. There the Board of Review, Division of Unemployment Security, dismissed an appeal to it on the ground that the employee had not appealed in time after notice of the Unemployment Compensation Commissioner's determination had been mailed to her. The court stated by way of *dictum* that service would be complete upon mailing, if properly stamped and addressed. *Borgia v. Board of Review,* 21 *N. J. Super.* 462, 467 (*App. Div.* 1952). *Cf. Apex Roofing Supply Co. v. H. V. Elliott Co.,* 52 *N. J. Super.* 522 (*D. Ct.* 1958). Respondents contend that *Union City v. Capitol-Theatre Amusement Co.,* 26 *N. J. Misc.* 102, 57 *A. 2d* 226 (*Div. Tax App.* 1948), is to the contrary. However, the opinion in that matter merely holds that where the final day for appeal falls on a holiday, receipt of notice on the first subsequent regular day was sufficient. There was no need to decide, therefore, whether mailing would itself constitute service. In fact, the issue was not discussed.

We think the Division's rules manifest an intent that service is complete upon mailing. When the Division in 1959 revised its rules providing for notice by mail in *Rule* 16 :8–6.170(b), *supra,* it was not breaking new ground. Rules regarding appeals to the State Board of Tax Appeals from County Boards were originally promulgated pursuant to the power delegated by the predecessor to *R. S.* 54:2–35, *L.* 1906, *c.* 120, § 10, *p.* 210. State Board of Tax Appeals' *Rule* 6, as it read in 1931, provided that "[a] copy of \* \* \* [the] petition shall be served by the petitioner upon the respondent \* \* \* Proof of such service shall be evidenced by affidavit upon the original petition or service thereon acknowledged." *Tax Laws of the State of New*

*Jersey, A Compilation, p.* 367 (1931). See *City of Newark v. Calco Chemical Co.,* [1934–1938] *N. J. Tax Reports* 593, 594 (*Bd. Tax App.* 1938). This rule had been interpreted to include mailing as a permissible mode of service. *City of Newark v. General Motors Acceptance Corp.,* [1934–1939] *N. J. Tax Reports,* 265, 266 (*Bd. Tax App.* 1936). Then in *City of Newark v. Calco Chemical Co., supra,* the State Board of Tax Appeals had occasion to interpret that rule where an appellant had filed his petition of appeal on December 15, the last day for filing. The petition was accompanied by an affidavit reciting that service of notice of the petition of appeal had been made by registered mail on December 15. In fact the notice was mailed on December 15, but it was not received until the following day. The Board held that the requirements of its rule were met because notice was mailed on or before December 15 and mailing was followed by actual receipt. *Cf. City of Hoboken v. Hoboken Land & Improvement Co.,* [*Supp.* 1941] *N. J. Tax Reports* 102 (*Bd. Tax App.* 1941). The fact that the two *City of Newark* cases, *supra,* dealt with registered mail is not a material distinction from the instant case; for, here the Division did not base its opinion on any such distinction, and the taxpayers stipulated that regular mail meets the requirements of the rule.

After the decisions in the two *City of Newark* cases, *supra,* the Board expressly amended its rules to provide that a notice of petition could be "mailed" to the respondent. *Rule* V(b) (*Revised Rules September* 6, 1938). In view of the above cases and the fact that the rules when revised did not on their face go beyond the opinions previously expressed by the Board, we conclude that the 1938 revision did nothing more than reflect the prior rulings of the Board of Tax Appeals. In substantially the same form the rule has been thrice republished and is still in effect. *Rule* V(f)(2) (*Revised Rules,* March 9, 1949); *Rule* V(H)(2) (*Revised Rules,* November 1, 1956); *Rule* 16:8–6.170(b) (*Revised Rules,* August 1, 1959).

We have little reason to believe that a different meaning was intended under the present Division rules. As noted above, the Division's opinion does not indicate the basis for this aspect of its findings. Even assuming the Division was interpreting *Rule* 16:8–6.170(b) here, however, we need not attribute conclusive effect to such interpretations. There is no indication in the Division's opinion as to what reasoning process it followed; the interpretation is inconsistent with interpretations of predecessor rules; and the rule does not with reasonable clarity manifest the meaning asserted. See *Walling v. Brooklyn Braid Co.,* 152 *F.* *2d* 938, 940 (2 *Cir.* 1945); Newman, "How Courts Interpret Regulations," 35 *Calif. L. Rev.* 509, 541 (1947).

Furthermore, we note at least one indication in the Division rules which weighs against an interpretation that service of notice is not complete upon mailing. The Division's *Rule* 16:8–21.100 (more fully set forth hereafter) stipulates that "[e]xcept as *herein* otherwise provided" (emphasis added), procedure before the Division shall conform to that prevailing in the courts. And our rules of procedure are explicit that whenever service by mail is authorized therein, service is complete upon mailing. *R. R.* 4:5–2(a), *supra.* We are therefore of the opinion that the Division was in error in holding that service was out of time.

We next consider respondents' strong emphasis upon the fact that the affidavits accompanying the petitions of appeal attested to personal service rather than service by mail. The evidence here is persuasive that there was no intent to mislead or make false representations. A large number of appeals to the Division were involved. Plans originally calling for personal service were necessarily changed at the last moment. Coupled with the pressures of a new position and an imminent deadline, these facts make it more likely that the assessor allowed the affidavit to be filed attesting to personal rather than substituted service as the result of an unintentional error. The Division's rules provided for either method of service. Further-

more, full disclosure of the erroneous statement was made at the hearing and an affidavit reciting the correct facts was subsequently filed. We think, therefore, that Hackensack fulfilled the substantive requirements.

*Rule* 16:8–21.100 of the Division provides that:

"[e]xcept as herein otherwise provided, the practice and procedure before the Division shall conform to that prevailing in the Courts of this State, but the Division reserves the right to make the proceedings and hearings thereunder as informal as possible, *to the end that substance and not form* shall govern, and that a final determination of all matters before it may be properly reached." (Emphasis added)

Courts in this State follow the practice that pleadings are to be so construed as to do substantial justice. *R. R.* 4:8–6. and "[b]road power of amendment is contemplated by our rules at any stage of the proceedings, * * * except when justice to a party prejudiced thereby requires that it be forbidden." *Jersey City v. Hague*, 18 *N. J.* 584, 602 (1955). There is a reluctance to dismiss a cause on technicalities. *Escoett v. Aldecress Country Club*, 16 *N. J.* 438, 451 (1954); *Edelstein v. Asbury Park*, 51 *N. J. Super.* 368, 388 (*App. Div.* 1958). When these procedural practices are considered in conjunction with the above Division rule, it would appear that in practice before the Division substance rather than form is intended to control. In addition, the rules provide that petitions of appeal may be amended as of right so long as there is no added subject matter or cause of action not included in the original appeal. *Rule* 16:8–11.160. Thus, emphasis in the rules is on informality rather than on rigidity of procedural requirements and the design is to facilitate business and advance justice. *Rule* 16:8–23.100.

Under the circumstances, we are of the opinion that the Division dismissed the appeals contrary to its own rules. Service was made and in an authorized manner. The fact that the affidavit originally submitted related by mistake to a different, though equally authorized, method of service

was cured by Hackensack's subsequent disclosure and amended affidavit.

We next consider respondents' right to cross appeal if Hackensack's appeal is allowed. Here the taxpayers had no actual notice until after the December 15 deadline that Hackensack would appeal. Thereafter, it would be too late for them to file their own appeals. *N. J. S. A.* 54:2–35; *Rule* 16:8–6.130. But this fact does not preclude presentation or consideration of their assertions at the Division hearing. Once the Division obtains jurisdiction, "[r]eview of assessed valuation, by a hearing *de novo,* is \* \* \* [its] principal function \* \* \* in individual tax appeals. On such review the true value of the subject property is the ultimate factual finding." *Passaic v. Gera Mills,* 55 *N. J. Super.* 73, 84 (*App. Div.* 1959). See also *Patterson v. Baker,* 6 *N. J. Misc.* 4, 6, 139 *A.* 604 (*Sup. Ct.* 1928). *Cf. In re Erie R. R. System,* 19 *N. J.* 110, 131 (1955); *Delaware, L. & W. R. Co. v. City of Hoboken,* 10 *N. J.* 418, 431 (1952). The Division itself has long adhered to this principle. *Pope v. Red Bank,* 19 *N. J. Misc.* 383, 385, 19 *A. 2d* 208 (*Bd. of Tax App.* 1940). Therefore, the taxpayers may introduce evidence that the assessments even as reduced by the County Board were too high.

The case is remanded to the Division of Tax Appeals with instructions to reinstate Hackensack's appeals and for further proceedings in accordance with the views expressed herein. No costs.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.