EVERS, J. T. C.
Blue Hill Associates (taxpayer) seeks an order dismissing Fair Lawn Borough’s (borough) 1980 appeal to the Tax Court from the Bergen County Tax Board judgment which reduced the *57 original assessment. Taxpayer tenders four points in support of its position that the Tax Court lacks jurisdiction because the county board never acquired jurisdiction over the subject matter. The motion will be treated as a motion for summary judgment in accordance with R. 4:46, and the points of contention will be discussed in seriatim.
Taxpayer first argues that the borough’s appeal to the county board was untimely since the taxpayer was not served before the August 15 deadline found in N.J.S.A. 54:3-21. It is uncontroverted that the petition of appeal was filed in the county board before August 15. ' The fact that a litigant does not receive its copy of the petition until after August 15 does not defeat the jurisdiction of the county board if there was no irreparable harm to the party allegedly improperly served. There was no demonstration of such irreparable harm herein. The controlling principle of law was recently reiterated by our Supreme Court in General Trading Co. v. Director, 83 N.J. 122, 416 A.2d 37 (1980):
It does not follow, however that every procedural omission rises to the level of a fatal defect in the subject matter jurisdiction regardless of the attendant circumstances so as to deprive the taxpayer of any opportunity for review or to render void any ensuing judgment. Rather, a review of the cases demonstrates this court’s reluctance to raise a jurisdictional bar where the omission results from justifiable reliance on prior decisional authority; Boys Club of Clifton, Inc. v. Township of Jefferson, 72 N.J. 389, 405-406 [371 A.2d 22] (1977), or where the irregularity may be cured without undue delay or irreparable harm to the other party, Hackensack v. Rubinstein, 37 N.J. 39, 51-52 [178 A.2d 625] (1962); Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 142-142 [179 A.2d 729] (1962). [at 127-128, 416 A.2d 37]
It is well settled, especially in matters of important public concern, that pleadings should be construed so as to do substantial justice. There is a professed reluctance to dismiss a cause on technicalities. Hackensack v. Rubinstein, 37 N.J. 39, 178 A.2d 625 (1962). See, also, Edelstein v. Asbury Park, 51 N.J.Super. 368, 143 A.2d 860 (App.Div.1958).
The taxpayer also maintains that the county board lacked jurisdiction because the petition of appeal did not adequately set forth the allegation of discrimination. The taxpayer misreads the petition since it does not contain an allegation of discrimina *58 tion but seeks a determination based solely on true value. The taxpayer appears to assume that a taxing district may only appeal an assessment on the grounds of discrimination. This is not so. In Curtiss-Wright Corp. v. Wood Ridge, 2 N.J.Tax 143 (Tax Court 1981), it was held that a taxing district can take an appeal pursuant to N.J.S.A. 54:3-21 on the basis that the original assessment is below the true value. A taxing district need not proceed on the basis of a discrimination claim, for Jersey City v. Tax Appeals Div., 5 N.J.Super. 375, 381, 69 A.2d 331 (App.Div.1949), aff'd per curiam 5 N.J. 433, 75 A.2d 865 (1950), expressly held that N.J.S.A. 54:3-21 allowed an appeal by the taxing district on the theory that the original assessment was merely “too low.”
The primary point of contention concerns the fact that there was no resolution appended to the county board petition authorizing such an appeal to the county board.
N.J.A.C. 18:12A-1.6(c) provides:
A petition of appeal shall not be accepted for filing by the board unless the petition is duly signed and sworn to or certified by the taxpayer, his attorney or agent, or unless the petition contains an affirmation by the taxpayer, or in the case of an appeal by a taxing district, unless the petition is accompanied by a certified copy of a resolution of a governing body of the taxing district authorizing the appeal. Where all information on the petition is not supplied or the petition is otherwise incomplete, the board shall nevertheless accept said petition for filing but the petitioner shall be afforded ten days from the date of filing unless additional time shall be granted by the board of appeal within which to complete the petition. All parties shall be given at least five days notice of any additions or changes with respect to the petition of appeal. Failure to complete a petition within such time may result in its dismissal.
Taxpayer contends that this rule mandatorily directs that a resolution be appended to a county board petition in order for the county board to have subject matter jurisdiction. The court disagrees. The regulation itself demonstrates that even “where ... the petition is otherwise incomplete, the board shall nevertheless accept the petition.....” and the litigant will have the opportunity to cure the defect. Even if the defect is not cured, the “failure to complete a petition within such time may result in its dismissal.” (Emphasis supplied.) It is rather obvious that this regulation is not mandatory. Hence, the construction of *59 this regulation fits neatly within the principle enunciated in Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 110 A.2d 110 (1955).
In determining whether an act is imperative and mandatory or merely directory there is a presumption that the word “shall” (such word appears in this statute) is used in an imperative and not a directory sense, and while this presumption is not a conclusive one it can only be overthrown by something in the character of the legislation or in the context which will justify a different meaning, [at 166, 110 A.2d 110]
Even if the court were to ascribe a mandatory construction to this regulation, a failure to abide by it still would not defeat subject matter jurisdiction herein since, as stated in Hackensack v. Rubinstein, supra:
Courts in this State follow the practice that pleadings are to be so construed as to do substantial justice. R.R. 4:8-6. and “[b]road power of amendment is contemplated by our rules at any stage of the proceedings, .. . except when justice to a party prejudiced thereby requires that it be forbidden.” Jersey City v. Hague, 18 N.J. 584, 602 [115 A.2d 8] (1955). There is a reluctance to dismiss a cause on technicalities. Escoett v. Aldecress Country Club, 16 N.J. 438, 451 [109 A.2d 277] (1954); Edelstein v. Asbury Park, 51 N.J.Super. 368, 388 [143 A.2d 860] (App.Div.1958). [at 51, 178 A.2d 625.]
The further observation of the Supreme Court in Hackensack v. Rubinstein concerning the practice in the Division of Tax Appeals remains viable as to the county board practice today:
When these procedural practices are considered in conjunction with the above Division rule, it would appear that in practice before the Division substance rather than form is intended to control. In addition, the rules provide that petitions of appeal may be amended as of right so long as there is no added subject matter or cause of action not included in the original appeal. Rule 16:8-11.160. Thus, emphasis in the rules is on informality rather than on rigidity of procedural requirements and the design is to facilitate business and advance justice. Rule 16:8-23.100. [Ibid.]
The only remaining point argued by the taxpayer concerns the issue of whether the “borough’s failure to authorize such action by way of formal action at a public meeting is a violation of the Sunshine Law, N.J.S.A. 10:4-6 et seq. [the act].”
N.J.S.A. 10:4-12 provides that, “except as provided by subsection B of this section, all meetings of public bodies[1] shall be open *60 to the public at all times.... ” Subsection b provides that a public body may exclude the public only from that portion of a meeting at which the public body discusses.
(7) Any pending or anticipated litigation or contract negotiation other than in subsection B (4) [regarding a collective bargaining agreement] herein which the public body is, or may become a party.
Even though the preceding provision allows the public to be excluded, N.J.S.A. 10:4-13 provides that for the above exception to apply, as a condition precedent:
... the public body shall first adopt a resolution, at a meeting to which the public shall be admitted:
a. Stating the general nature of the subject to be discussed;
b. Stating as precisely as possible, the time when and the circumstances under which the discussion conducted in closed session of the public body can be disclosed to the public.[2]
In Polillo v. Deane, 74 N.J. 562, 578, 379 A.2d 211 (1977), it was stated that “strict adherence to the letter of the law is required in considering whether a violation of the act has occurred.” Thus, N.J.S.A. 10:4-15 provides:
a. Any action taken by a public body at a meeting which does not conform with the provisions of this act shall be voidable in a proceeding in Lieu of Prerogative Writ in the Superior Court, which proceeding may be brought by any person within 45 days after the action sought to be voided has been made public; provided, however, that a public body may take corrective or remedial action by acting de novo at a public meeting held in conformity with this act and other applicable law regarding any action which may otherwise be voidable *61 pursuant to this section; and provided further that any action for which advance published notice of at least 48 hours is provided as required by law shall not be voidable solely for failure to conform with any notice required in this act.
b. Any party, including any member of the public, may institute a proceeding in Lieu of Prerogative Writ in the Superior Court to challenge any action taken by a public body on the grounds that such action is void for the reasons stated in subsection A. of this section, and if the court shall find that the action was taken at a meeting which does not conform to the provisions of this act, the court shall declare such action void.
In Houman v. Pompton Lakes, 155 N.J.Super. 129, 382 A.2d 413 (Law Div.1977), plaintiffs-taxpayers attacked municipal appeals taken to the Division of Tax Appeals on the ground that said appeals were taken in disregard of the act. The facts were as follows. On December 8,1976 a proposed resolution notifying the public of a closed meeting was adopted which stated that the proposed meeting would entail discovery of “personal matters, and negotiations following the public meeting on December 8, 1976.” In the closed meeting the decision to pursue the appeals was announced, yet no formal resolution confirmed the announcement. On December 22, 1976 the appeals to the Division of Tax Appeals were filed, and on December 29, 1976 a formal resolution authorizing the appeals was adopted at a special meeting. Notification of the special meeting was given on December 27, 1976, 48 hours before the special meeting. The court held:
.. . this court finds that (1) the council could, at an executive session, discuss whether to take the tax appeals and retain outside counsel for that purpose; (2) the council did, in fact, take such formal action at its December 8 executive meeting; (3) the notice requirement for the executive session (NJ.S.A. 10:4-13) was complied with to the extent that the resolution was passed at a prior regularly scheduled meeting for which adequate notice was given pursuant to NJ.S.A. 10:4-18; (4) however, the resolution was defective for failing to comply with the disclosure requirements of N.J.S.A. 10:4-13(a) and (b); (5) in addition, the agenda voluntarily published for the regular meeting was incomplete in that it failed to disclose adequately what matters would be considered in the executive session, thereby violating the spirit and policy of the Open Public Meetings Act. While these violations of the act are considerable, the more important question arises as to whether the council can decide what action to take — that is, actually vote — on these issues in closed session, [at 150-151, 382 A.2d 413]
As to the last question posed, the court held that such formal action, i. e., voting to pursue the appeals, should have been conducted at a public meeting. Id. at 151-158, 382 A.2d 413.
*62 Despite these defects, the court concluded that the borough had substantially complied with the act. It cited N.J.S.A. 10:4-15.a for the proposition, and stated that
It is assumed that the use of the phrase that a public body may take corrective or remedial action, N.J.S.A. 10:4-15(a), the Legislature understood, and by inference expressed its intent, that common law principles of ratification would apply to the remedial action taken pursuant to this provision. This presumption is reinforced by the fact that the Legislature did not specifically provide that such remedial actions would have an effect other than that found in the common law. [at 163, 382 A.2d 413]
The same provision was construed by our Supreme Court in Polillo v. Deane, supra, in the following manner:
These remedial statutory sections contemplate maximum flexibility in rectifying governmental action which falls short of the standards of openness prescribed for the conduct of official business. Consistent with the breadth and elasticity of relief provided in the legislative scheme, it is entirely proper to consider the nature, quality and effect of the non-compliance of a particular offending governmental body in fashioning the corrective measures which must be taken to conform with the statute. Thus, in this context, the “substantial compliance” argument of defendants carries some weight on the question of remedy and relief. [74 N.J. at 579, 379 A.2d 211]
Thus, Polillo significantly diluted the import of the substantial compliance theory by making it relevant only with respect to the appropriate remedial action. The court also stated (at 577, 379 A.2d 211) that “the lack of wrongful intent cannot excuse non-compliance with the act.” Where the Houman case is in conflict, I will of course be guided by the law as construed by our Supreme Court in Polillo.
Based on the foregoing, it is apparent that the borough herein had to act in conformance with the act, and if it failed to do so, the action of the borough regarding the within complaint must be declared void. The net effect of such a declaration would be that this court is deprived of the subject matter jurisdiction required to entertain the instant complaint. Nonetheless, at this point in the litigation the court cannot rule on this question since it cannot be said, as a matter of law, that the borough’s conduct contravened the act. The court was not apprised of *63 whether or not a resolution was ever, in fact, adopted.[3] Assuming, arguendo, that the borough did not otherwise comply with the act, the court may still tailor the remedy to the actual facts of the matter in accordance with the Polillo case. Thus, because there is a genuine issue as to material facts, taxpayer’s motion must be denied. See generally, Jackson v. Muhlenberg Hospital, 53 N.J. 138, 249 A.2d 65 (1969). Counsel for both parties may offer proofs at trial consistent with the applicable law in order for the court to rule on the question. The issue is then, at that juncture, properly before the court for a full and fair determination.

“Public bodies,” as defined by N.J.S.A. 10:4-8.a, which states in pertinent part that a public body means “any ... group of two or more persons *60 organized under the laws of this state, and collectively empowered as a voting body to perform a public governmental function affecting the rights, duties, obligations, privileges, benefits, or other legal relations of any person, or collectively authorized to spend public funds including the Legislature.... ”

N.J.S.A. 10:4-9.a provides the general rule that all public meetings shall be preceded by adequate notice, and then excepts, in N.J.S.A. 10:4-12.b, situations from this notice requirement. N.J.S.A. 10:4-9.b further provides for the dispensation of advance notice requirements where three-quarters of the members of public body vote to hold an unnoticed meeting, and one of four exceptional situations occur thereunder. This section, although appearing to be in conflict with N.J.S.A. 10:4-13, does not excuse public bodies from the mandate of N.J.S.A. 10:4-13.

The only hint of noncompliance was contained in the affidavit of counsel for the taxpayer which stated, in pertinent part, that “on information and belief, the Borough of Fair Lawn never adopted a resolution authorizing the appeal to the Bergen County Board of Taxation.”