BIANCO, J.T.C.
Plaintiff filed a Motion for Leave to Appeal with the Superior Court, Appellate Division on or about September 6, 2002. As permitted by R. 2:5-l(b), this opinion amplifies the court’s bench opinion of August 19, 2002, whereby plaintiffs motion to dismiss defendant’s revaluation year counterclaim as a matter of law, pursuant to N.J.S.A. 54:3-21, was denied.
This is a local property tax appeal filed directly with the Tax Court by plaintiff, Short Hills Assoeiates/Taubman Company, for the 2002 tax year. The tax appeal concerns plaintiffs property located along John F. Kennedy Parkway and Route 24, in the Township of Millbum, County of Essex, designated by the taxing district as Block 5305, Lot 1 (“subject property”). For the 2002 tax year, a township-wide revaluation went into effect for all properties within the defendant, Township of Millburn (“Township”). The subject property, commonly known as The Mall at Short Hills, was assessed for the 2002 tax year as follows:
Land $ 37,141,600
Improvement $458,927,200
TOTAL $496,068,800
Plaintiff timely filed a complaint contesting its 2002 reassessment on or about March 14, 2002. In response, defendant timely filed an answer and counterclaim on or about March 28, 2002, seeking to increase the assessed value.
*354 Plaintiff argues that a taxing district may not challenge the assessment of any property unless the taxing district feels discriminated against by the assessed valuation of the particular property in question. In a revaluation year, plaintiff claims that relief from a discriminatory assessment may only be afforded if there are extreme or severe circumstances «present. Plaintiff contends that the issue of discrimination is not grounds for relief in a revaluation year without an admission or allegation by the taxing district that the entire revaluation is flawed. ■ While the Township did in fact allege discrimination in its counterclaim, it did not admit or allege that the entire revaluation is flawed. Plaintiff concludes from this that the Township has not effectively alleged discrimination in the revaluation year, and, therefore, its counterclaim is an inappropriate attempt to gain a bargaining or tactical advantage in the present litigation. Accordingly, plaintiff asks the Tax Court to dismiss defendant’s counterclaim.
This court finds plaintiffs argument to be unpersuasive.
N.J.S.A. 54:3-21 addresses when and under what circumstances a taxing district may file a property tax appeal or counterclaim. That statute provides in pertinent part:
A taxpayer feeling aggrieved by the assessed valuation of the taxpayer’s property, or feeling discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district ... may on or before April 1 ... appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1 ... file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $750,000.00 ... If a petition of appeal or a complaint is filed on April 1 or during the 19 days next preceding April 1, a taxpayer or a taxing district shall have 20 days from the date of service of the petition or complaint to file a cross-petition of appeal with a county board of taxation or a counterclaim with the Tax Court, as appropriate.
[N.J.S.A. 54:3-21.]
Plaintiff misinterprets the language of N.J.S.A. 54:3-21 and ease law to imply that a taxing district can only file an appeal or counterclaim when it feels discriminated against. In Fair Lawn Bor. v. Blue Hill Assocs., 3 N.J.Tax 55 (Tax 1981), the taxpayer maintained that a taxing district may only appeal an assessment *355 on the grounds of discrimination. Id. at 58. In response to the taxpayer’s contention, the Tax Court held:
This is not. so. In Curtiss-Wright Corp. v. Wood Ridge [Wood-Ridge], 2 N.J.Tax 143 (Tax Court 1981), it was held that a taxing district can take an appeal pursuant to N.J.S.A. 54:3-21 on the basis that the original assessment is below the true value. A taxing district need not proceed on the basis of a discrimination claim, for Jersey City v. Tax Appeals Div., 5 N.J.Super. 375, 381, 69 A.2d 331 (App.Div.1949), aff'd per curiam 5 N.J. 433, 75 A.2d 865 (1950), expressly held that N.J.S.A. 54:3-21 allowed an appeal by the taxing district on the theory that the original assessment was merely “too low.”
[Fair Lawn, supra., 3 N.J.Tax at 58.]
Similarly, in F.M.C. Stores Co. v. Morris Plains Bor., 195 N.J.Super. 373, 479 A.2d 435 (App.Div.1984), aff'd, 100 N.J. 418, 495 A.2d 1313 (1985) the court noted:
Despite the language of the statute, which appears to accord the taxing district the right to appeal from its own assessment only on discrimination grounds, it is well settled that it applies to district appeals based on the assertion that the assessment is “too low.”
[F.M.C., supra, 195 N.J.Super. at 380 n. 3, 479 A.2d 435 (citations omitted).]
The Supreme Court in F.M.C. was clear with regard to a taxing district’s right to pursue an assessment increase. That right is only limited to discrimination cases, when the taxing district’s appeal is not timely filed. The Court held:
[/ ]?¿ the absence of a timely appeal on the part of the taxing district, an original assessment could be increased only in discrimination cases and only for the purposes of ensuring that the assessment is -within the common level range.
[F.M.C., supra, 100 N.J. at 428, 495 A.2d 1313 (emphasis added).]
Plaintiff misinterprets the holding of F.M.C. to mean that a taxing district could pursue an increase in assessment only in discrimination cases and only for the purposes of insuring that the assessment is within the common level range regardless of whether the taxing district’s appeal is timely or untimely. This interpretation obfuscates the crux of the Court’s decision in F.M.C. The Court’s holding clearly hinged on the taxing district’s failure to timely file.[1] In the present case, it is not disputed that the Township’s *356 counterclaim is timely. Accordingly, under F.M.C. the Township’s counterclaim would not be limited to just an allegation of discrimination.
It is clear from the case law that a taxing district is not limited to claims of discrimination when filing a timely appeal. The Township’s counterclaim, if nothing more, sufficiently sets forth the taxing district’s allegation that the assessment of the subject property is too low. This is a matter to be determined at trial.
It is therefore not necessary for this court to evaluate the validity of the Township’s discrimination claim, in light of plaintiffs assertions that, in a revaluation year, there must be extreme or severe circumstances, and the taxing district must admit or allege that the entire revaluation is flawed. While plaintiff contends New Jersey case law has consistently held that, in a revaluation year, relief from a discriminatory assessment is inapplicable, plaintiff cites no authority qualifying or otherwise limiting the taxing district’s right to assert a counterclaim in a revaluation year.
In support of its position, plaintiff misapplies Brown v. Glen Rock Bor., 19 N.J.Tax 366 (App.Div.2001). The issue in Brown was whether the taxpayer (not the taxing district) had provided enough evidence to rebut the presumption that the revaluation attained true value. The court held that “relief from a discriminatory assessment may be afforded under Chapter 123 in a revalua *357 tion year, but only in ‘the most extreme or severe circumstances.’ ” Id. at 373 (quoting Murnick v. City of Asbury Park, 95 N.J. 452, 471 A.2d 1196 (1984) (emphasis added)). Plaintiff concludes from this that, in a revaluation year, a taxing district can only file an appeal or counterclaim in the most extreme or severe circumstances. This is clearly not the case.
In Passaic St. Realty Assoc. v. Garfield City, 13 N.J.Tax 482 (Tax 1994), the Tax Court relied on the Supreme Court’s F.M.C. decision, holding:
In a revaluation year the court mil not increase the assessment above the assessor’s or county board’s determination, absent the filing of a cmmterclahn or a petition, by the municipality. F.M.C. Stores, supra. In years other than revaluation years, the assessment can be increased even without the filing of a counterclaim or complaint by the taxing district.
[Passaic St. Realty Assoc., supra at 484 (emphasis added) (citation omitted).]
Based upon the holdings in Rabstein v. Princeton Tp., 187 N.J.Super. 18, 453 A.2d 553 (App.Div.1982), Weyerhaeuser Co. v. Closter Bor., 190 N.J.Super. 528, 464 A.2d 1156 (App.Div.1983), together with Hackensack Water v. Woodcliff Lake, 9 N.J.Tax 545 (Tax 1988) and Abe Schrader v. Secaucus, 8 N.J.Tax 390 (Tax 1986), as well as F.M.C., the court in Passaic Street Realty concluded that, “[ejxeept in a revaluation year, chapter 123, N.J.S.A 54:51A-6, is automatically in an appeal.” Passaic St. Realty, supra, 13 N.J.Tax at 487 (citing Weyerhaeuser Co. v. Closter Bor., supra).
The holding in Passaic Street Realty makes it clear that, in a tax appeal occurring in a revaluation year, the only way the court can increase an assessment is by the taxing district prevailing on a timely filed counterclaim. There are no limitations or qualifying factors on the taxing district’s ability to file a counterclaim in a revaluation year, as plaintiff contends, except that the counterclaim must be timely filed.[2] In essence it is mandatory for the taxing district to file a counterclaim in a revaluation year in order *358 to seek an increase in an assessment. This is not the ease in non-revaluation years where the court can find that an assessment increase is warranted even without a counterclaim.
Furthermore, in response to the Supreme Court’s opinion in F.M.C., the Legislature amended N.J.S.A. 54:3-21[3] by adding the following paragraph relating to the time to file a cross-petition of appeal or a counterclaim:
If a petition of appeal or a complaint is filed on April 1 or during the 19 days next preceding April 1, a taxpayer or a taxing district shall have 20 days fi’om the date of service of the petition or complaint to file a cross-petition of appeal with a county board of taxation or a counterclaim with the Tax Court, as appropriate.
[N.J.S.A. 54:3-21 (emphasis added).]
The plain language of N.J.S.A. 54:3-21, as amended, clearly defines how a taxing district may raise a counterclaim. This amendment makes no mention of any limitation with regard to a taxing district asserting á counterclaim in a revaluation year or nonrevaluation year.
Finally, plaintiff contends that the Township is only raising the counterclaim to gain a litigational advantage. As a basis for this contention, plaintiff cites the Township’s representation that it filed counterclaims on only 50 select commercial properties out of the 350+ commercial properties that filed appeals for the 2002 tax year. In F.M.C., the Supreme Court held that, “[i]n dealing with the public, government must ‘turn square corners.’” F.M.C., supra, 100 N.J. at 426, 495 A.2d 1313 (quoting Gruber v. Mayor and Tp. Com. of Raritan Tp., 73 N.J.Super. 120, 179 A.2d 145 (App.Div.), aff'd, 39 N.J. 1, 186 A.2d 489 (1962)). The Court went on to say:
[Government] may not conduct itself so as to achieve or preserve any land of bargaining or litigational advantage over the property owner. Its primary obligation is to comport itself with compunction and integrity, and in doing so government may have to forego the freedom of action that private citizens may employ in dealing with one another ... It is to be assumed that the municipality will exercise its governmental responsibilities in the field of taxation conscientiously, in good faith and without ulterior motives ... It follows that a municipality *359 should undertake to appeal its own assessment only when it has good cause to believe the assessment does not reflect true value, and not simply to achieve a tactical advantage over, or even strategic parity with, a taxpayer that has independently appealed the assessment.
[F.M.C., supra, 100 N.J. at 427, 495 A.2d 1313.]
It is not inconceivable to the court that a taxing district may raise a counterclaim to gain a litigational advantage over a taxpayer. However, here, plaintiffs assertion that the Township’s alleged failure to effectively claim discrimination in its counterclaim somehow equates to an inappropriate attempt to gain a bargaining or tactical advantage in the present litigation, is unsubstantiated.
The subject property is The Mall at Short Hills currently assessed at nearly a half a billion dollars. While its precise value remains at issue, there can be no dispute that it is a valuable piece of property. The owners of such a property would have to have significant financial resources to maintain a tax appeal, at least equal to the resources of the Township. Clearly in this case, plaintiff cannot contend that it is a small taxpayer being taken advantage of by big government.
Plaintiff, after all, has placed the value of the subject property in question. The taxing district should at least be entitled to defend itself, and should not be denied the ability to assert its counterclaim without a clear showing that it has done so in bad faith. Plaintiff has failed to make such a showing. If the counterclaim is baseless as a matter of fact or law, and used only for tactical reasons, R. 1:4-8 provides plaintiff with an appropriate remedy.
For all of the foregoing reasons, plaintiffs motion to dismiss defendant’s counterclaim is denied.[4]

 In F.M.C., the Court consolidated three real property tax appeals. In each case, the taxpayer filed its appeal prior to the August 15 deadline prescribed by N.J.S.A. 54:3-21 (now April 1st as per L. 1991, c. 75 § 28, effective Jan. 1, 1992). In two of the consolidated appeals, the taxing district moved for leave to file a *356 Iate answer and counterclaim to challenge the original assessments after the statutory deadline. F.M.C., supra, 100 N.J. at 422, 495 A.2d 1313. In the other appeal, the taxing district filed an answer, which was dated August 15, but was received by the Tax Court three days after the statutory deadline. Subsequently, the taxing district filed a motion seeking leave to amend its answer in order to add a counterclaim challenging its original assessment as being below both the true value and the common level. Ibid. The Tax Court granted the taxing district’s motions, but the Appellate Division reversed those rulings, holding that the taxing districts were required, in order to challenge their own original assessments as too low, to take their appeals by the statutory deadline. The Appellate Division also held that failure by the municipalities to take timely appeals precluded the Tax Court under these circumstances from granting increases in the original assessments, at least when discrimination is not an issue. F.M.C., supra, 195 N.J.Super, at 387-89, 479 A.2d 435.

 See Hon. David E. Crabtree, 43 New Jersey Practice State and Local Taxation § 9.6 at 145 (1999). Appeals by Taxing Districts: Revaluation Years and Non Revaluation Years. "Appeals by municipalities to increase assessments in revaluation years, when discrimination is not usually in issue, must be timely filed." Ibid

L. 1987, c. 185, § 1, effective July 14, 1987. See Senate County and Municipal Committee Statement to Senate, No. 2217 — L. 1987, c. 185.

 Plaintiff's Motion for Leave to Appeal was denied by the Appellate Division on September 25, 2002. Short Hills Assocs. v. Millburn Tp., Docket No. AM-000034-02T2, Motion No. M-000162-02.