NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

**TAX COURT OF NEW JERSEY**



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

September 24, 2020

Frank H. Wisniewski, Esq.
Flaster/Greenberg P.C.
1810 Chapel Avenue West
Cherry Hill, New Jersey 08022

Steven M. Eisner, Esq.
Eisner & Eisner
Suite 1010
76 Euclid Avenue
Haddonfield, New Jersey 08033

> Re:    Cherry Hill Township v. The Center at Cherry Hill, LLC
>        Docket Nos. 005725-2018; 005727-2018; 002946-2019; 002947-2019

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion for summary judgment, demanding judgment dismissing the plaintiff's complaint. As discussed more fully below the court denies defendant's motion for summary judgment.

I.    Statement of Facts and Procedural History

The court makes the following findings of fact based on the submissions of the parties. The Center of Cherry Hill, LLC ("defendant") is a limited liability company organized under the laws of the State of New Jersey. Defendant is the owner of Class 4A property located at Block 285.25, Lots 2 and 3 (collectively known as the "subject property").

For tax year 2017, Block 285.25, Lot 2 ("Lot 2") was assessed at $4,844,000 and Block 285.25, Lot 3 ("Lot 3") was assessed at $6,593,000. On February 23, 2018, after the 2018 tax









*

assessments had been certified to the County Tax Board, defendant became owner of the subject property. For the 2018 and 2019 tax years Michael Raio, Tax Assessor for Cherry Hill Township ("plaintiff"), imposed the same assessments on Lot 2 and Lot 3 as the tax year 2017 assessments.

For each of the tax years under review herein (2018 and 2019) the governing body of plaintiff municipality adopted identical resolutions, as follows:

> **WHEREAS**, it is necessary for the Township Tax Assessor to file and settle Tax Appeal, Assessor's Appeals and contest of real estate assessments on behalf of the Township of Cherry Hill for the 2018 [2019] tax year.
>
> **NOW, THEREFORE, BE IT RESOLVED**, by the Mayor and Township Council of the Township of Cherry Hill that Michael T. Raio, Tax Assessor, and/or the duly appointed Tax Appeal Attorney and/or Conflict Tax Appeal Attorney, for Cherry Hill Township is hereby authorized to file and settle Tax Appeals, Assessor's Appeal and other contests to real estate assessments on behalf of the Township of Cherry Hill for the 2018 [2019] tax year.

On March 28, 2018, appeals of the tax year 2018 assessments on Lot 2 and Lot 3 were filed in the Tax Court by the plaintiff municipality under docket numbers 005725-2018 and 005727-2018 respectively[1]. On March 12, 2019, appeals of the 2019 assessments were filed in the tax court by the plaintiff municipality under docket numbers 002946-2019 and 002947-2019 respectively[2]. All of the complaints in question named Cherry Hill Township as the plaintiff and each complaint alleges that the assessment of the subject property was "below the true or assessable value . . ." Each complaint was executed by Steven M. Eisner, Esq. who was identified as "Attorney for Plaintiff Cherry Hill Township."

---

[1] Originally, the appeals were filed naming "C H Comm Ctr Ass, LP c/o Sterling Ad" as defendant. Those complaints were amended on May 8, 2018 to identify the defendant as "the Center at Cherry Hill, LLC."

[2] Identical appeals were filed for the 2020 tax years, as docket numbers 003205-2020 and 003206-2020. Those appeals are not included in this motion.

For each of the years under review the Assessor identified properties in the municipality whose assessments he deemed were less than their assessable value and should be the subject of appeal. Those properties were identified by review of the income and expense statements for the years in question, and other information available to the Assessor. The Assessor informed the Chief of Staff of the municipality as to which properties were to be appealed, but did not discuss the valuations of those properties, or the reasons why such properties would be appealed. The Assessor also informed special counsel of the properties to be appealed. The Assessor did not make a change to the assessments on the records of the municipality because he felt the proper way to change the assessments would be through an appeal.

Defendant filed the within motion for summary judgment seeking dismissal of the complaints, which plaintiff opposes.

Legal Issues and Analysis

*A. Summary Judgment*

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). In Brill v. Guardian Life Ins. Co., 142 N.J. 520 (1995), our Supreme Court established the standard for summary judgment as follows:

> [W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [Id. at 523.]

"The express import of the <u>Brill</u> decision was to 'encourage trial courts not to refrain from granting summary judgment when the proper circumstances present themselves.'" <u>Township of Howell v. Monmouth Cty. Bd. of Taxation</u>, 18 N.J. Tax 149, 153 (Tax 1999) (quoting <u>Brill</u>, 142 N.J. at 541).

> [T]he determination [of] whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [<u>Ibid.</u>] (quoting <u>Brill</u>, 142 N.J. at 523.]

The movant bears the "burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact" regarding the claims asserted. <u>Judson v. Peoples Bank and Trust Co.</u>, 17 N.J. 67, 74 (1954) (citation omitted).

One of the issues in contention here is whether, as alleged by the defendant, the Assessor, and not the plaintiff, filed the within appeals. Although the Assessor vociferously disputes filing the appeals, the court finds that the issue is not a factual issue, but is one of law, as explained below. Viewing the competent evidence submitted herein, the court finds that there is no genuine issue of material fact in dispute and that defendant is not entitled to judgment herein.

B. <u>Discussion</u>

Defendant asserts that notwithstanding the designation of "Cherry Hill Township" as the plaintiff in each of the matters under review, the Assessor identified the properties for which appeals were to be filed and neither explained his rationale for any such appeal with any member of the governing body or any of its representatives nor had any discussion as to the value of the

those properties with any such representative.  The defendant thus argues that the true plaintiff in these matters is the Assessor and not the municipality.

Moreover, defendant argues that the Assessor was aware that the assessments he had imposed on the subject properties were false when made and when the tax duplicate was provided to the County Board of Taxation pursuant to N.J.S.A. 54:4-35 et seq.  Defendant asserts that having done so the Assessor violated his obligations under the law.  More significantly, defendant argues that to allow the assessor to appeal his own assessment would be to improperly upset the careful balance created by the legislature with respect to the taxation of real property in this State.

According to defendant, that scheme requires that an assessor determine the "full and fair value of each parcel of real property" in the State, after examination and inquiry and make a judgment of the "fair and bona fide" value of the property as of October 1 of the prior tax year.  See N.J.S.A. 54:4-23.  Thereafter, certain "safeguards" are provided to the taxpayer that include the right to be notified of the amount of the assessment, on or before February 1 of each tax year, N.J.S.A. 54:4-38.1(a), and to receive notice of any change in the assessment within 30 days thereof.  Id.  The taxpayer may thereafter file an appeal of that assessment to the applicable County Board of Taxation if the assessment does not exceed $1,000,000 or a direct appeal to the Tax Court where the assessment exceeds $1,000,000.  N.J.S.A. 54:3-21.

Defendant argues that where an Assessor files a false assessment of a property, the taxpayer does not have the expected forewarning of the assessment of the property in question and is therefore placed at a disadvantage when served with a taxing district's complaint either at the County Board level or the Tax Court level.  As a general rule, the court rejects defendant's position.  In every municipal appeal a taxpayer is not "forewarned" that the assessment notice which was provided pursuant to N.J.S.A. 54:4-38.1(a) would be the subject of an appeal.  Clearly, the

legislative scheme anticipates that a municipality may appeal its assessor's assessment simply by filing the appeal with the County Board of Taxation or the Tax Court as the case may be. See N.J.S.A. 54:3-21(a)("a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may 'file an appeal'") (emphasis added). Accepting defendant's position and extending it to its logical conclusion may result in the unwarranted conclusion that the assessment notification may not thereafter be contested by a municipality filing an appeal, which would fly in the face of the clear language of N.J.S.A. 54:3-21.

Defendant attempts to carve out an exception to the legislative grant of a municipal appeal by suggesting that the original assessment set by the Assessor in this matter was false when made. Defendant asserts that the Assessor knew at the time the assessment was set, that it did not reflect the "full and fair value" of the subject properties at that time and that the assessment was falsely set in contravention of the Assessor's duties. Further, defendant then asserts by calling attention to the "false" assessment and recommending its appeal by the municipality, the Assessor is furthering the impropriety through the appeal of his own false assessment.

Here the Assessor, alerted to the fact that certain properties' income and expense statements required a revision of the assessment, recommended an appeal of that assessment. The Assessor expressed concerns that, by law, he could not single out the properties and simply reassess them. In the Assessor's view to do so would be similar to the prohibition against spot assessments reviled in West Milford Tp. v. Van Decker, 120 N.J. 354 (1990). There the municipality's practice of singling out for reassessment a small group of taxpayers who purchased homes in the municipality was determined to be an intentional discriminatory practice violative of the New Jersey Constitution's uniformity clause. The Court did not, however, rule that all

revisions to assessments not subject to a municipal-wide revaluation were unconstitutional. "A municipality may revise assessments in years other than years of municipal-wide revaluation for legitimate reasons. (citations omitted)." Id. at 362.

In WNY Properties, as in the matter before this court, the challenge was not to an illegal spot assessment of the subject properties. Indeed, here the Assessor forbore from reassessing the subject properties believing that to do so would result in an improper exercise of his authority. Instead as in WNY Properties, the municipality appealed its assessor's assessment deeming it to be underassessed. In WNY Properties, the defendant taxpayers maintained that the plaintiff's appeal of its assessor's assessment was invalid and that the assessor and the municipal officials had collaborated. Id. at 602.

The difference in the factual underpinnings of WNY Properties and this matter are slim indeed. There the assessor retained the prior year's assessment while believing it was not reflective of true value. There "the assessor, through the municipal attorney, advised the municipal governing body that an appeal was indicated." Id. at 603. The operative question in WNY Properties revolved around the issue of whether the subject appeal constituted an illegal assessment, which defendant here also asserts. It is clear that the court in WNY Properties did not find the assessor's suggestion that the municipality institute an appeal was violative of any procedural safeguard provided to taxpayers.

The court finds that the recommendation of an appeal by the Assessor in this matter did not violate any duty owed to the taxpayer. Such a recommendation is entirely within the assessor's responsibility of reviewing assessments and ensuring their uniformity. N.J.S.A. 54:4-23; Tri-Terminal Corp. v. Bor. of Edgewater, 68 N.J. 405 (1975). Nor does the court find that the Assessor improperly acted by continuing the prior assessment of the subject property, relying upon his

7

understanding and belief that to do otherwise would result in an improper reassessment. As noted by Judge Menyuk, "there is a tension between the assessor's statutory duty to assess property annually, employing his or her judgment to reflect full and fair value, N.J.S.A. 54:4-23, and the constitutional requirement that the selection of particular properties for updated assessments may not be arbitrary and discriminatory." WNY Properties, 20 N.J. Tax at 599-600. Here the Assessor recommended the appeal of an assessment he believed was not reflective of true value, rather than risk the possibility of running afoul of constitutional requirements.

Moreover, contrary to defendant's assertion, the Assessor did not appeal his own assessment in this matter. The ultimate decision to appeal was that of the municipality which is the plaintiff in this matter. The municipality granted the Assessor and Tax Appeal counsel the authority to file "Assessor Appeal[s] and other contests to real estate assessments on behalf of the [plaintiff]" for the years in question. By extension the municipality gave its authority to the Assessor, not as the assessor, but as their representative to make the decision to file an appeal. Municipal action "bears with it a presumption of regularity." Forbes v. Bd. of Trustees of South Orange Village, 312 N.J. Super 519, 532 (App. Div. 1998). See also Charlie Brown of Chatham, Inc. v. Board of Adjustment, 202 N.J. Super. 312, 321 (App. Div. 1985)(it is presumed that . . . 'municipal agencies [,] act fairly and with proper motives and for valid reasons," and "must be allowed wide latitude in the exercise of their delegated discretion," due to "their peculiar knowledge of local conditions.")(citations omitted). Here the resolutions for each of the years under appeal granted its "Tax Assessor, and/or the duly appointed Tax Appeal Attorney and/or Conflict Tax Appeal Attorney, for Cherry Hill Township" authority "to file and settle Tax Appeals, Assessor's Appeal and other contests to real estate assessments on behalf of the Township of Cherry Hill."

8

"[A]ssessors are more often than not members of the municipal family and the municipal tax litigation team." WNY Properties, 20 N.J. Tax at 602 (citing Mobil Oil Corp. v. Twp. of Greenwich, 20 N.J. Tax 66, 69-70 (Tax 2002). Nonetheless, "the appeal of an assessment [is] . . . adversarial (a contest between the taxpayer and the taxing district)." Mobil Oil Corp., 20 N.J. Tax at 84.

It is not uncommon for an assessor to identify certain properties that are under-assessed for the municipality to appeal. See Short Hills Associates/Taubaum Co. v. Twp. of Millburn, 20 N.J. Tax 352, 355 (Tax 2002). "Despite the language of the statute, which appears to accord the taxing district the right to appeal from its own assessment only on discrimination grounds, it is well settled that it applies to district appeals based on the assertion that the assessment is 'too low'" Ibid. (quoting F.M.C. Stores Co. v. Boro of Morris Plains, 195 N.J. Super. 373, 380 (App. Div. 1984), aff'd 100 N.J. 418 (1985). When the municipality disagrees "with the assessments of its assessor, the appropriate recourse is by way of appeal of those assessments." WNY Properties, 20 N.J. Tax at 602.

Defendant's suggestion that the involvement of the Assessor in the identification of assessments which were "too low" with a subsequent appeal being filed in the name of the municipality is untoward is rejected. Defendant's assertion that the true plaintiff here is the Assessor is similarly rejected. The appeal was taken in the name of the municipality and filed by its special tax counsel, as authorized by an appropriate resolution. The procedural requirements of the filing of the appeal were properly met. Moreover, such appeals are clearly contemplated by N.J.S.A. 54:4-21, as are the filing of timely counterclaims.

Moreover, defendant's assertion that the court is being asked to do what the assessor should have initially done is misplaced. In the majority of the appeals made to this court, the court is

tasked with the obligation of finding the true and "honest" value of the property under appeal. "In any appeal, regardless of by whom made, this court is required to "apply its own judgment to valuation data submitted by experts in order to arrive at a true value and find an assessment" for the subject property. WNY Properties at 20 N.J. Tax at 605 (quoting Glen Wall Assocs. v. Wall Tp., 99 N.J. 265 (1985).

In light of the foregoing conclusions, the court finds that the plaintiff did not deprive the defendant of any constitutionally protected right. The actions of the assessor did not constitute an improper assessment. "[T]he selection of property for appeal is not the equivalent of assessment and taxation. The effect of an appeal . . . is an assessment at true value, . . . which effectuates the policy of this State as expressed in the Uniformity Clause . . ." WNY Properties, 20 N.J. Tax at 611. Under all of the circumstances expressed herein, the court concludes that the selection of defendant's property for appeal of its assessment did not violate any constitutional protection afforded to defendant.

C. Conclusion

For all of the foregoing reasons, the court denies defendant's motion for summary judgment.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.